## LEVI C. FISHER *vs.* CHARLES H. DEANS.

In support of an action for causing the plaintiff to be unlawfully imprisoned, evidence is competent that the defendant, as a trial justice, suffered the plaintiff, whom he had sentenced to pay a fine and costs, to go at large, and ten weeks afterwards, the fine and costs remaining unpaid, committed him to jail upon a mittimus, for the purpose of extorting money from him.

TORT for causing the plaintiff to be unlawfully imprisoned. At the trial in the superior court, before *Rockwell,* J., it appeared that the defendant, as a trial justice for the county of Norfolk, issued a warrant against the plaintiff, on the complaint of David Fisher, charging the plaintiff with maliciously taking and carrying away a pine log from the land of the complainant; that on January 23, 1868, the plaintiff was tried on the complaint before the defendant, convicted, and sentenced to pay a fine and costs and stand committed until sentence should be performed; that the fine and costs were not paid; that a mittimus, bearing date of January 23, 1868, was at some time issued against the plaintiff.; and that on April 1, 1868, the plaintiff was committed to jail on the mittimus, and kept confined there thirty days.

The plaintiff offered evidence tending to show that the conduct of the defendant, in issuing the warrant and convicting and sentencing him, was prompted by malice; but the judge excluded it.

There was evidence that immediately after the trial the defendant told the plaintiff that he could maintain a bill in equity for the land from which he was accused of having taken the log; that the defendant drew an agreement to submit the differences between David Fisher and the plaintiff to arbitration, and induced the plaintiff to appoint a certain person as one of the three arbitrators; that, at the time the arbitrators met, the defendant desired the plaintiff " to leave open $50 of the amount awarded;" that on February 5, 1868, the arbitrators awarded that David Fisher should pay $550 to the plaintiff; that afterwards the defendant asked the plaintiff to pay him $25, which the plaintiff refused to do; that again, four or five days before the plaintiff's

arrest, the defendant demanded $25 from him, and said that he would make him trouble if he did not pay ; that the plaintiff remained at home from January 23 till April 1 ; that the sentence was not performed before the plaintiff's imprisonment ; and that the defendant refused to furnish copies of the record of the plaintiff's conviction until paid $15 for services alleged to be due from the plaintiff in reference to the arbitration.

The judge ruled that there was no evidence which would entitle the plaintiff to recover, and directed a verdict for the defendant.   The plaintiff alleged exceptions.

*J. W. Pettengill,* for the plaintiff.

*J. B. Goodrich & H. N. Sheldon,* (*H. J. Edwards* with them,) for the defendant.

AMES, J.   No authority need be cited for the position that a justice of the peace, while acting in his judicial capacity, and within the limits of his lawful jurisdiction, is exempt from all responsibility in a private action, as a wrongdoer, for any official order or judgment, even though it may be erroneous and malicious. But this exemption does not extend to any illegal act which he may have done in the exercise of his ministerial powers and duties.   When in the progress of a civil action, or a criminal proceeding, a final judgment has been rendered, his judicial duty is at an end, and nothing remains but to carry the judgment into effect.   The issue of the execution, or other warrant for that purpose, is a ministerial and not a judicial act, and he may be held responsible in a civil action for any illegal act of that description. *Briggs* v. *Wardwell,* 10 Mass. 356.   *Doggett* v. *Cook,* 11 Cush. 262.   The plaintiff must therefore be considered as having no legal cause of action on the ground that he was wrongfully convicted and sentenced.

But in this case the plaintiff offered evidence tending to show that, immediately after his trial and conviction upon the complaint, a negotiation for a settlement of the controversy between himself and the complainant was entered into, with the knowledge and concurrence of this defendant.   The result of this negotiation was a submission of the matter to the arbitration of three men mutually agreed upon, who heard the parties, and made and

published an award.. These proceedings occupied a considerable length of time, and the evidence tended to show that the defendant not only had knowledge of them, but took part in them, or rather superintended and directed them from the beginning. The jury might well have inferred, upon the evidence, that the defendant, the magistrate, voluntarily suffered the plaintiff to go out of custody, and by his order or consent permitted him to go at large. In such a state of facts, the case would be almost exactly similar to *Doggett* v. *Cook*, above cited, in which it was ruled that the issue of a mittimus by the magistrate, upon the sentence, in such circumstances, without the issue of some new process to bring the prisoner before him, was an unauthorized proceeding, and would render the magistrate liable as a trespasser. It is true that, in that case, the interval between the sentence and the commitment under it was nearly a year, but the ground of the decision was the fact that the party convicted was permitted to go at large, and no order for his committal was then made. The court say in that case, " A preliminary step, the issuing of a capias to bring the party before the justice, to show cause why he should not be committed in execution of the sentence, would seem to be required at least, before issuing a mittimus at that remote period from the time of passing sentence. The party should, at that late day, have had the opportunity to show cause why he should not be committed to jail for not paying the fine and costs he had been adjudged to pay." In that case, the delay on the part of the magistrate was owing to the fact that an appeal from his judgment had been claimed and entered, which was afterwards dismissed by the appellate court; but we do not understand the decision, as given by Dewey, J., to turn upon the length of the delay, or to intimate that the case would have stood in a different position if the interval between the sentence and the commitment had been a period of ten weeks, as in this instance, instead of nearly a year. The irregularity consisted in permitting the party convicted to go at large, and afterwards arresting and committing him to prison " on the common mittimus, such an one as would have been appropriate on the day of the conviction, if he had failed to pay the fine and costs."

In this case, the plaintiff offered to prove that the warrant upon which he was committed to prison was not issued until the first day of April, which was about ten weeks after he was convicted, and that this unauthorized proceeding was not the result of a mere mistake. On the contrary, the evidence on his part tended to prove, and if not contradicted or explained was sufficient to prove, that the warrant was issued for a corrupt and dishonest purpose, namely, to extort money from him, and under a threat to make trouble for him if he did not pay the money demanded. We think that all this evidence was competent, and proper to be laid before the jury. The official irresponsibility of this defendant, in a civil action, for errors or misconduct in the exercise of his judicial functions, does not protect him in unauthorized or illegal ministerial acts, done with corrupt motives or for dishonest purposes. The case was therefore improperly withdrawn from the jury, and the *Exceptions are sustained.*