## HARRIET C. THOMAS

*v.*

## S. C. HINSDALE *et al.*

1. REMEDY—*for wrongfully suing out attachment.* A defendant in attachment who has been wrongfully complained against, may defend the attachment, may sue on the attachment bond, or bring trespass.

2. WAIVER OF TRESPASS—*by appearance.* Where a writ of attachment is wrongfully issued and served, the defendant does not, by appearing before the justice who issued it, and applying for and obtaining a change of venue, waive the trespass.

3. TRESPASS *against an officer for wrongfully issuing attachment.* If a justice of the peace issues an attachment when not authorized to do so, his ignorance as to the extent of his authority is no excuse.

4. A party went before a justice of the peace, on Sunday, and made an affidavit, upon which the justice issued an attachment, and appointed another party to execute it, who took the writ, and, under it, seized and carried away the goods of the defendant in the attachment. The defendant appeared before the justice, and procured a change of venue to another justice, but did not defend the attachment suit any further, but brought an action of trespass against the plaintiff in the attachment suit, the justice who issued it, and the appointed constable who served it: *Held,* that they were all liable, and that the right to bring the action of trespass was not waived by appearing and taking the change of venue in the attachment suit.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. C. F. REMICK, for the appellant.

Mr. A. B. JENKS, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was trespass, in the Superior Court of Cook county, brought by Harriet C. Thomas, plaintiff, against S. C. Hinsdale, S. C. Myers, and M. B. McDonough, defendants, and tried by a jury. Under instructions from the court for defendants, and to which plaintiff excepted, the jury found the defendants not guilty, on which the court, having overruled

a motion for a new trial, rendered judgment against the plaintiff for costs, and she appeals.

The case is in a small compass.

Myers, it appears, came to Hinsdale's office, who was an acting justice of the peace, early in the morning of Sunday, and made affidavit for an attachment against the plaintiff. The magistrate issued the writ, and, at Myers' request, appointed McDonough a constable to execute it. McDonough, under the direction of Myers, took the writ and went to Lawndale, where Mrs. Thomas was doing business in the grocery line, with an express wagon, and levied the writ on her property, took the goods out of her possession, and they were afterwards sold, and the proceeds paid over to Myers.

On the return of the attachment before Hinsdale, Mrs. Thomas appeared and obtained a change of venue to justice Banyon. She failed to appear before Banyon and defend that suit, but brought this action of trespass.

The court ruled, inasmuch as she had appeared before Hinsdale and asked for and obtained a change of venue, she thereby condoned the trespass. This is the effect of the ruling of the court.

We have no doubt the court erred in so ruling. No case so holding can be found. A defendant in attachment, who has been wrongfully complained against, may defend the attachment, may sue on the attachment bond, or bring trespass. No question of irregularity of service comes up in the case, and such cited cases have no application. Nor does the doctrine apply, that a magistrate, in performing an act he is authorized to do, erring in its performance, shall not be subject to an action. Here, the magistrate, at the instigation of Myers, performed an act the law gave him no authority to perform. McDonough executed the writ, having no authority whatever to execute it, and Myers instigated all the proceedings, and was profited by them. No justification is shown, nor can any be. Ignorance of the extent of his power is no

excuse for the magistrate, nor of the law any excuse for 'the other defendants.

McDonough was an occupant of Myers' office, he himself claiming to be a lawyer, and the whole proceeding against this woman seems to have been wanton, as it was clearly unjustifiable.

The appearance of appellant before Hinsdale, the magistrate who issued the writ, for a change of venue, should not have been adjudged by the court a waiver of the trespass, and the court erred in so ruling.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*