## HENRY R. DANFORTH
### v.
## HERMAN CLASSEN.

*Judicial Officers—How far Protected by Official Character—Justice of Peace—Illegal Commitment to County Jail—Ministerial Acts—Action of Trespass—Evidence—Instructions.*

1. The judicial character of a Justice of the Peace only protects him from personal liability when the act complained of is within his jurisdiction.

2. In an action of trespass against a Justice for false imprisonment, it is *held:* That the warrant, trial and fine of plaintiff for maintaining a nuisance, were regular and within the jurisdiction of the Justice; that the order of commitment, which was in the form of a commitment to bind the defendant over to the County Court, placing no limit upon the imprisonment, was irregular and not justified by the judgment; that the issue of the writ was a ministerial act; that the evidence touching plaintiff's illness and its cause was properly admitted under an amendment to the declaration; and that the instructions, though not strictly accurate, were sufficient.

3. It *seems* that Sec. 1, Act of April 12, 1879, does not give the Justice the option to designate the place where the offender may be imprisoned, but that said place must be fixed by city or village ordinance.

[Opinion filed December 11, 1886.]

APPEAL from the County Court of Iroquois County; the Hon. S. C. BOVIE, Judge, presiding.

Statement of the case by LACEY, J. The appellee commenced suit in an action of trespass for false imprisonment in the sum of $5,000. Verdict of guilty and $500 damages; *remittitur* by appellee of $200 and judgment for $300; appeal by the defendant to this court.

There was an ordinance in the Village of Danforth against keeping and maintaining nuisances, keeping offensive privies, pig-stys, etc. The appellee was a resident of the village. On the 13th day of June, 1884, a complaint in writing sworn to, was filed before H. R. Danforth, the appellant, who was a

Danforth v. Classen.

Justice of the Peace in the said village, against the appellee, charging him with maintaining a nuisance within the corporate limits of said village. Thereupon appellant as such Justice issued a warrant for the arrest of the appellee, directed to any Constable, commanding him to bring the body of the appellee before him forthwith unless the appellee gave bail for his appearance in the full amount of the demand of the village, and if bail be entered on the back of the warrant, then appellee was commanded to appear before him on the 18th day of the same month, at 9 o'clock A. M., to answer certain demands of the village against him, of the nature of a penalty not exceeding $200, for violation of the ordinance mentioned. This warrant the appellee placed in the hands of Constable G. W. Bailey to execute, and ordered Bailey to arrest appellee. On the same day said Constable arrested the appellee on the said warrant, and he not giving bail was brought before the appellant and arraigned and put on his trial, and after hearing the appellant fined him in the sum of $25 and costs of suit, and rendered judgment against him for that amount, and upon the appellee refusing payment, an order was entered against him following said judgment order, as follows : "Defendant refusing to pay fine or give bail it is ordered that the said Herman Classen be committed to the county jail until fine and costs be fully paid."

Thereupon appellee refusing to pay said fine and costs or give bail, the appellant issued an order for the commitment of the appellee in the county jail in substance, as follows : It was directed to any Constable of said county, and to the Sheriff or jailor of said county reciting that appellee had that day been examined before the appellant, a Justice of the Peace in the county aforesaid, on a charge of violation of village ordinance preferred against him on the complaint in writing, under oath, of John Overacker, and it appearing probable from the evidence of ——— sworn and examined before him that said appellee was guilty of said charge, to-wit: By keeping an offensive pig-sty, privy and manure pile in violation of Art. 10, Sec. 1, Ordinance No. 15. And the appellee having failed to give bail for his appearance at and on the first day of the

next term of the County Court as required, we, the people, command you, the said Constable, forthwith to convey said appellee to the common jail of said county, and him deliver to the keeper thereof, and you, the said keeper or jailor, are hereby required to receive into your custody the said appellee and him safely keep until discharged in due process of law; and for so doing this shall be your sufficient warrant. Thereupon the *mittimus* was placed in the hands of the Constable, George W. Bailey, and appellant ordered him to go to Watseka, the county seat, with him and put him in jail. The Constable thereupon took appellee and conveyed him to Watseka, and offered him to the Sheriff, and the Sheriff would not receive him on account of the insufficiency of the writ, and the Constable thereupon discharged the appellee.

The Village of Danforth is about four miles from Gilman, which distance there is no railroad, and from Gilman there is communication to Watseka by rail. The Constable resided in Gilman and appellant when the warrant for arrest was issued took it to Gilman and placed it in the hands of the same Constable with orders to arrest appellee; appellee after he was discharged in Watseka returned on the train to Gilman, and went from there in the night to his home at Danforth on foot. It rained after he got started from Gilman, and when he got home it must have been about 4 o'clock A. M; appellee as he testified, "took awful sick after that; I caught cold." "It was the weather and excitement of the arrest that made me sick." The cold "lasted over a week, and there was a week he could scarcely do anything." The declaration was at this point in the trial amended so as to admit this testimony. The appellant moved the court to exclude the evidence, but the court refused and allowed the evidence to remain before the jury. The appellant filed special pleas of justification setting up the fact of his being Justice of the Peace and facts of the proceedings, the legal trial, judgment and *mittimus* as a justification.

Messrs. Kay & Euans, for appellant.

Judges of limited and inferior authority are not liable to a

civil action from any judicial act within their jurisdiction.
Bradley v. Fisher, 13 Wall. 335; Randall v. Brigham, 7 Wall.
523.

When the record shows that the court had jurisdiction of
the subject-matter and of the person of the parties, neither
the court nor those acting under his authority can be held
liable in trespass, although the proceeding may be irregular
and erroneous. Von Kettler v. Johnson, 57 Ill. 109; Outlaw
v. Davis, 27 Ill. 465.

If the Justice of the Peace had jurisdiction of the question
he is not liable. Flack v. Ankeny, Breese, 187; Lancaster v.
Lane, 19 Ill. 242; Moak's Underhill on Torts, 188–194.

Even if the Justice, believing he was bound to do so, had
committed the accused to the county jail until he should give
bail for his appearance at the next court having jurisdiction,
*it was but an error of judgment*, and that having jurisdiction
of the person of the plaintiff and of the subject-matter, he
was protected from an action for false imprisonment. Kenner
v. Morrison, 12 Hun, 204; Rains v. Simpson, 50 Texas, 495;
S. C., 32 Am. Rep. 609.

" I prefer to place the decision on the broad ground that no
public officer is responsible in a civil suit for a judicial deter-
mination, however erroneous it may be, and however mali-
cious the motive which may have prompted it. Such acts
when corrupt, may be punished criminally, but the law will
not allow malice and corruption to be charged in a civil suit
against such an officer for what he does in the performance of
an official duty. The rule extends to the Judges from the
highest to the lowest; to jurors, and to all public officers,
whatever name they may bear, in the exercise of judicial
power." Weaver v. Devendorf, 3 Den. 117.

When a Magistrate has jurisdiction over the offense and
over the person of the offender, his acts, though ever so erro-
neous, will not make him a trespasser; and a conviction by
him, still subsisting and valid upon its face, on a subject
within his jurisdiction, is a legal bar to an action for anything
done under such conviction. Lancaster v. Lane, 19 Ill. 242.
See also, Little v. Moore, 1 Southard, 74; S. C., 7 Am. Dec.,

574; Gregory v. Brown, 4 Bibb. 731; S. C., 7 Am. Dec. 731; Reid v. Hood, 2 Nott & McC. 168; S. C., 10 Am. Dec. 582; Flack v. Harrington, Breese, 213; Adkins v. Brewer, 3 Cow. 206; Bailey v. Wiggins, 5 Harrington, 462; S. C., 60 Am. Dec. 650. ·

Messrs. DOYLE, MORRIS & PIERSON and PAYSON & RAYMOND, for appellee.

Where an inferior court is guilty of excess of jurisdiction, trespass may be supported for anything done under such proceedings. 58 Ill. 353.

Ignorance of the extent of his power is no excuse for the Magistrate. Thomas v. Hinsdale, 78 Ill. 259.

A tribunal proceeding under limited and special powers decides whether it has jurisdiction or not at its peril, and hence it is that process issues from a court or to the ministerial officer who executes it. Wise v. Withers, 3 Cranch, 331.

The issuing of process after judgment is purely a ministerial act. Briggs v. Woodwell, 10 Mass. 356.

LACEY, J. The appellant contends that the above judicial proceedings fully justify him and that as Justice he could not be held responsible even if he had made some mistake in the exercise of the functions of his office. He also claims complete justification under Sec. 1 of an act entitled " An Act to provide for the punishment of persons violating any of the ordinances of the several cities and villages in this State," approved and in force April 12, 1879; see Session Laws 1879, page 70. The Act so far as it relates to the action of appellant is as follows : " That a warrant for the arrest of offenders may issue in the first instance upon the affidavit of any person that any such ordinance [ordinance of city or village] has been violated and that the person making the complaint has reasonable grounds to believe the party charged is guilty thereof; and any person arrested upon such warrant, shall, without unnecessary delay, be taken before the proper officer to be tried for the alleged offense. Any person upon whom any fine or penalty shall be imposed, may, upon the order of the

court or Magistrate before whom the conviction is had, be committed to the county jail or c laboose, city prison, work-house, house of correction, or other place provided by such cities or villages by ordinance for the incarceration of such offenders until such fine, penalty and costs shall be fully paid: *Provided,* that no such imprisonment shall exceed six months for any one offense."

In regard to the power of the appellant to issue the warrant, we are inclined to think that the affidavit of J. Overaker was full justification. The writ was a warrant in every respect except bail was allowed till a certain day named ; but this permission was for the benefit of appellee if he saw proper to take advantage of it, but as he did not the writ amounted to the same as might have been issued under the plain provisions of the statute. The appellee, therefore, should not be allowed to enter any objections to the form of the warrant. The trial and fine appeared to be regular and no exception could be taken to that even if it had been irregular, as appellant was protected under his character as a judicial officer.

It now remains to be seen whether appellant overstepped the bounds of his jurisdiction in entering the order of commitment. Next, if such order was regular, whether the order justified the peculiar *mittimus* issued and the verbal order to take the appellee to jail. The proper solution of the first point in the above question depends upon the interpretation that is put on the statute. Does the statute mean that before any imprisonment can be ordered by the Magistrate there must be an ordinance passed by the city or village providing for the place where the offender may be imprisoned, or is the act absolute without such ordinance as to the places named in the act, "county jail, calaboose, city prison, work-house and house of correction," the Justice having the option to send him to either at pleasure and desire, the last class simply referring to places not named which shall be fixed by ordinance, those named being regarded as having been fixed by statute? We do not speak with the utmost confidence upon what ought to be the proper interpretation put upon this statute in that par-

ticular, but we are inclined to hold that the place should be fixed by city or village ordinance, and it should be determined thereby what place of those named should be the one, as well as to fixing some place not named.

The fact that the city or village is entitled to all fines and penalties recovered, and is also liable for the costs of keeping those upon whom fines are imposed in confinement, seems to be a good reason why the Legislature would desire to give the city the entire control of the matter of imprisonment. And in a case of so doubtful a meaning of the section it seems such consideration ought to be sufficient to turn the scale. And then it would seem improper to give the Magistrate such power as to allow him to choose the place; perchance send an offender for some slight offense miles away to the county jail, when there was a calaboose in the city or village better suited.

We think also the order of commitment should also fix the limit at six months, otherwise the jailor or keeper of other place of confinement would not know how long the party to be imprisoned would have to stay if he failed to satisfy the fine and costs. It should not be left to such officer to find out and be the judge of what the law is on the subject. It is the business of such officer to follow the commands of the committing writ.

But what authority had the appellant to issue the committing order which he did? It bears no semblance to the judgment.and order of commitment in his docket. It is in form the same as a warrant of commitment in case where a party is bound over by a .committing Magistrate where there is a criminal charge preferred, which the Magistrate has no jurisdiction to try, but has jurisdiction to bind the party over to appear and answer to a higher court. The writ issued showed that the party in custody was *probably* guilty of violating a village ordinance; not that he had been fined and committed till fine and costs were paid. It showed that appellee had been bound over to appear to the next term of the County Court, and had failed to give the required bail and had been committed till he did so, or otherwise legally discharged. The amount of

bail indorsed on the back of the warrant was "*$50 and costs*." The Sheriff could see, and did see, that the County Court had no jurisdiction to try such a case, and refused to receive the appellee or put him in jail. But the imprisonment had been effected by this illegal and unwarranted order and verbal direction by the appellant.

But it is insisted that the appellant is protected by virtue of his judicial character as a Justice of the Peace, and that the issuing of the warrant in question was a judicial act for which the appellant can not be called to account in an action of trespass for false imprisonment.

This will depend upon whether the issuing of the writ was a judicial act within the jurisdiction of the Justice.

We are satisfied that it was not, and also that the issuance of the writ was not a judicial act. There was no judgment or semblance of foundation for it. No such proceeding as it recited or anything like it had ever taken place before the appellant.

In Board of Trustees v. Schroder et al., 58 Ill., a decision that was rendered prior to the passage of the above Act of 1879, it was held: "For the breach of town ordinance the party forfeits a sum of money that may be recovered by the corporation in an action of debt; but the proceeding is not criminal in form. The Justice of the Peace has no more right to order the committal than he would at the end of a trial between two individuals to order the defendant to be imprisoned; and when officers assume to imprison without authority of law, or without any of the forms or processes usual and necessary to be employed, they become liable for false imprisonment   *   *   * The Constitution prohibits it except by due process of law." In Thomas v. Hinsdale et al., 78 Ill. 259, it was held, if a Justice of the Peace issues an attachment when not authorized by law to do so, his ignorance as to the extent of his authority is no excuse. The issuing of final process after judgment is purely a ministerial act. Biggs v. Woodwell, 10 Mass. 356. Even if the judgment had been authorized the appellant did not issue the kind of a writ called for by it, and his act in this particular being · ministerial and outside of his judicial

authority, he is liable in the kind of an action brought on account of the false imprisonment. It is objected that the evidence concerning appellee's illness and its cause was improperly admitted and the case of Miles v. Weston, 60 Ill. 361, is cited for authority against it; but in this case it will be observed, the declaration contains no averments under which the evidence could be given. In this case, by the amendment to the declaration, there were such averments.

There was evidence in the case tending to show malice; the instruction therefore on that head was not improper. Some other instructions were not strictly accurate, but we think they were not so seriously defective or misleading that the jury could have been misled to appellant's injury.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*