*In re* MITCHELL.

*(Circuit Court, E. D. Virginia. July 30, 1889.)*

FINES—COSTS—PAYMENT IN VIRGINIA COUPONS.

When a person, arrested under a *capias pro fines* in favor of the common-wealth of Virginia for the satisfaction of certain fines and costs due the state, tenders the amount of the same in genuine coupons cut from the state bonds, which by law are receivable for all fines due the state, he is entitled to his discharge, and the acceptance of the coupons cannot be refused on the ground that the costs belong to the officers, as there is no indebtedness on the part of the prisoner to the officers individually for their work and labor. The costs are a part of the punishment, and the officers claim them not individu-ally, but as officers of the state.

Application for *Habeas Corpus*

*A. B. Guigon*, for petitioner.

*R. A. Ayers*, Atty. Genl., for respondent.

BOND, J. The petition for this writ alleges that Marion Mitchell is illegally confined by the authorities of the state of Virginia, and in vio-lation of the constitution of the United States forbidding a state to pass any law to impair the obligations of a contract. The petitioner shows that he was convicted of a misdemeanor on the 18th of July, 1889, in the hustings court of the city of Manchester, and by that court was fined the sum of $50 and $19.20 costs, which he was adjudged to pay or stand committed until the said fine and costs were paid. And that at a sub-sequent time in the same court he was fined $20 after conviction for a similar offense, and $13.20 costs, which he was likewise adjudged to pay or stand committed until he did so. The petition alleges that after his said conviction and the imposition of the said fines and costs he tendered the amount of the same in genuine coupons cut from the bonds of the state of Virginia, which by law were made receivable for all debts, taxes, dues, and demands of the state of Virginia, but that the officers of the state refused to receive them in payment of the said fines and costs, and he was committed to jail, where he now illegally languishes. The return to the writ, made by H. Fitzgerald, the sergeant of the city of Manches-ter, shows that he holds the petitioner in custody by virtue of two writs of *capias pro fines* in favor of the commonwealth of Virginia, which are in these words:

"*The Commonwealth of Virginia, to the Sergeant of the City of Man-chester, Greeting:* We command you that you do not omit for any liberty in your bailiwick, but that you take Marion Mitchell, if he be found within the same, and him safely keep until he satisfy us fifty dollars, which we lately in our corporation or hustings court for the city of Manchester recovered against the said Marion Mitchell for a fine assessed on him on conviction of a misde-meanor against our peace and dignity; also nineteen dollars and twenty cents which to us in the same court were adjudged for our costs in that behalf ex-pended, whereof the said Marion Mitchell is convict as appears to us of record, and have this writ, &c., in the usual form."

The other *capias* is a counterpart of the one recited, except that the amount of fine and costs is less. The return admits the tender of coupons for the fine and costs, and states that the sergeant was willing to receive them in payment of the fines imposed, but refused to receive them the costs, because such costs belonged, not to the state of Virginia, but to the officers of the hustings or corporation court of Manchester. The question, then, is whether the coupons in question are receivable as well for the costs as the fines imposed by the hustings court. The court of appeals of Virginia has decided that such coupons are receivable for all fines due the state, and we are under no necessity to determine whether or not a fine imposed for a misdemeanor is a public due or demand. The *capias* which we have quoted sets out in plain words that the costs were adjudged to "us," for "our" costs in that behalf expended. If any other body or person has recovered anything against the defendant, Mitchell, it does not appear by the *capias*. It shows that what he is held in custody for is the demand which the court has allowed the commonwealth to make for certain costs which the state has expended, in punishing him for his offense against its peace and dignity. The claim of the court's officers is not mentioned in the commitment.

Now, how the state may remunerate her officers for their services to her in this behalf is nothing to the purpose. When the party pays what is demanded of him, if he pay in coin, the state may allow its court officers to deduct the fees due them by statute, and pay the balance into the state treasury, or she may require the whole amount to be paid into the treasury at once, and parcel out the statutory costs to her officers as she may by law provide. But in no sense can it be claimed that there is any indebtedness on the part of Mitchell to these officers in their individual capacity for their work and labor in his behalf expended. The costs are a part of his punishment for disobeying the laws of the state. They are imposed by statute, and the officers of the court claim them, not in their individual capacity or name, but in their capacity as officers of the state, and in her name, as the *capias* sets out. If these costs be debts due the officers, personally, they could sue Mitchell, the petitioner, for them, each in his own name. But after recovery he could not be imprisoned for non-payment of the judgments, for the laws of Virginia forbid all imprisonment for debt, except under peculiar circumstances; and yet, here it is claimed he can by virtue of this *capias* be arrested, a *capias ad satisfaciendum* issue, and be imprisoned for a debt not due the state, but personally to its officers. In my judgment the petitioner is entitled to his discharge, after surrendering to the sergeant the coupons heretofore tendered for his fines and costs.