*In the matter of the Petition of* WILLIAM LANDRETH *for a Writ of Habeas Corpus.—In the matter of the Petition of* GEORGE LANDRETH *for a Writ of Habeas Corpus. —In the matter of the Petition of* JOHN BRADLEY *for a Writ of Habeas Corpus.*

1. MISDEMEANOR — *Commitment — Payment of Fine and Costs.* Where a defendant has been convicted of a misdemeanor before a justice of the peace, and adjudged to pay a fine and the costs of the prosecution, and to be committed until the fine and costs are paid, such judgment is not satisfied or discharged by the payment to the sheriff, having legal custody of the defendant, of the fine only, even if the justice in issuing the warrant of commitment accidently omits therefrom the amount of the costs.

2. ———— *Recommitment.* In such a case, if the defendant pays the fine and is set at liberty, the justice may issue another warrant for his commitment, and he may be imprisoned thereunder until the judgment rendered by the justice is fully complied with.

*Original Proceedings in Habeas Corpus.*

SEPARATE petitions by William Landreth, George Landreth and John Bradley for writs of *habeas corpus.* Writs refused, and petitioners remanded to custody. The facts appear in the opinion herein, filed April 30, 1895.

*W. H. Nipps, Geo. W. Stinson,* and *N. B. McCormick,* for petitioners.

*W. H. Pratt,* for respondent.

The opinion of the court was delivered by

HORTON, C. J. : The same question is involved in all of these cases. Each of the petitioners was convicted of petty larceny on the 22d day of March, 1895, in Phillips county, before a justice of the peace. Each was fined a certain sum of money and adjudged to pay the costs of the prosecution, and to be committed

to the jail of that county until the fine and costs were paid. The justice of the peace before whom the convictions were had, on the 22d of March, 1895, issued his warrant of commitment to a constable of his township commanding him to take and commit the petitioners to the jail of that county, and there to remain until the judgment rendered against them should be complied with. He accidently omitted to insert in the commitment the amount of the costs. Subsequently the petitioners paid the fines, and were released from custody by the sheriff.· On the 25th of March, 1895, the justice of the peace issued another warrant commanding the sheriff of his county to arrest and commit the petitioners to the jail of the county until the judgments against them were fully complied with; that is, until all the costs were paid. Under the *alias* or new commitment, the petitioners were again arrested and committed to jail.

It is insisted that, as the petitioners were set at liberty by the sheriff, the judgment on which the commitment was issued was in law discharged, and that no subsequent commitment could be issued thereon. It is well settled that where a defendant is arrested upon a *ca. sa.* in a civil action, and discharged by the direction or consent of the plaintiff, it is in law a discharge of the debt. This proceeds on the idea that the creditor has received a satisfaction by having once his debtor in execution. (*Bryan v. Simonton,* 1 Hawks, 51.) But this is not the law in a criminal cause. The officers charged with the public duty of collecting fines and costs adjudged against criminals occupy a different relation to such defendants than a creditor to his debtor. In this case the judgment was that the petitioners should be imprisoned until the fines and costs were paid. The judgment has never been

satisfied. The costs remain unpaid. A mistake of a justice in taxing costs or in entering them upon his record or commitment is no release or discharge thereof. If a prisoner, after his conviction of a misdemeanor, escapes before his term of imprisonment expires, with or without the consent of the sheriff in whose custody he has been placed, he is not thereby legally set at liberty. He may be retaken and imprisoned again. Where the sheriff has, at the time of the return to a writ of *habeas corpus*, a good warrant from the committing justice, it is immaterial how many defective or bad ones he has. When the justice discovered that he had issued a defective commitment, it was his duty to issue a good one. Until the judgment rendered by the justice has been complied with, the petitioners are not entitled to their discharge. If the sheriff has collected any illegal fees, they should be credited upon the costs. For the new warrant of commitment the justice is not entitled to any fees from the petitioners, because he should have included in the original commitment all of the costs taxed by him. The petitioners will be remanded.

All the Justices concurring