STATE OF IOWA, Appellee, v. FRED DILL, Appellant.

**TRIAL:** Instructions—Correct But Not Elaborate. Correct instruc-
1  tions are all-sufficient, in the absence of a request for further
elaboration.

**INTOXICATING LIQUORS:** Nuisance—Evidence—Sufficiency. Evi-
2  dence held to sustain a conviction for nuisance.

**INTOXICATING LIQUORS:** Nuisance—Limitation as to Imprisonment.
3  A judgment of imprisonment until the fine and costs are paid is
erroneous. It should provide that the term of imprisonment should
not extend beyond one day for every three and one-third dollars of
fine and costs. (Sec. 5440, Code, 1897.)

*Appeal from Johnson District Court.*—RALPH OTTO, Judge.

FEBRUARY 5, 1924.

THE defendant was indicted, charged with maintaining a
liquor nuisance. He was convicted, upon a trial. From a judg-
ment imposing a fine of $800 and costs, including an attorney
fee of $80, and providing for his imprisonment in the county
jail until the fine and costs are paid, the defendant appeals.—
*Modified and affirmed.*

*A. E. Maine,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant
Attorney-general, and *Edward L. O'Connor,* County Attorney,
for appellee.

VERMILION, J.—The appellant complains of the action of
the court in sustaining objections to questions asked of a witness
for the State on cross-examination. The questions objected to
were all inquiries as to whether the witness had sold intoxicating
liquors to certain named persons during the past year, or since
he had been on the police force, which was within the year.
None of the alleged transactions inquired about had any con-
nection with the charge against the defendant, nor with any-
thing testified to by the witness on direct examination, unless

it might be said that they related to his occupation. The evident purpose was to elicit matter affecting the credibility of the witness. In view of the somewhat peculiar circumstances claimed to surround the activities of the witness, and the fact that he had denied having any other occupation than that of policeman during the time inquired about, answers might well have been permitted. However, any error in this respect was without prejudice; for the witness testified without objection that he had not "sold any goods of any kind to any of these parties, and not within the last year."

It is urged that the court erred in failing to instruct the jury that the having of intoxicating liquors in the private dwelling house of the defendant for his own family use was not in itself a violation of law, unless they were kept with the unlawful intent to sell the same. The jury was instructed, in substance, that, if it was found from the evidence beyond a reasonable doubt that, within the time covered by the indictment, the defendant kept or controlled a building wherein he kept for sale or sold intoxicating liquors, he should be found guilty; but that, if it was not so found, or if, upon all the evidence, there was a reasonable doubt as to his guilt, he should be acquitted. It was further told that, if it was found from the evidence that he kept or controlled a building and kept intoxicating liquors therein, then, in determining the intent with which such liquors were kept, all the evidence bearing thereon should be considered, and if it was found that the defendant actually sold any of the liquors so kept, then the jury would be warranted in finding that they were kept in such building with intent to sell the same; that it was for the jury to say, from all the evidence and the facts and circumstances proved upon the trial, whether the defendant kept intoxicating liquors in said building with intent to sell the same. The instructions made no reference to any presumption arising from the finding of intoxicating liquors upon the premises that they were kept for sale. The defendant asked no instructions, and those given by the court, in the absence of request for further instructions, were sufficient upon the question presented.

1. TRIAL: instructions: correct but not elaborate.

It is insisted that the verdict is without support in the evidence. The jury could well find that the defendant made a sale

of a pint of liquor in his dwelling house, and that, upon a

2. INTOXICATING LIQUORS: nuisance: evidence: sufficiency.

search, following the sale, one bottle partly full was found in the ice box, and another pint concealed in the bed occupied at the time by defendant's wife. All of the liquor was shown to contain upwards of 60 per cent of alcohol. The defendant, indeed, admitted all of these facts, except that he testified, and in this was corroborated by his wife, that he did not sell the liquor, but procured from another that claimed to have been sold by him, upon the request of the witness who testified to the alleged sale; and that he refused to accept pay for it; but that the witness put the money on the table, and left the house. He further claimed that the other liquor found on the premises was not kept for sale, but was intended to be used by his wife as medicine.

Proof of a single sale of intoxicating liquor in a building is sufficient to sustain a conviction for maintaining a nuisance. *In re Henery,* 124 Iowa 358; *State v. Benson,* 154 Iowa 313; *State v. Reyelts,* 74 Iowa 499; *State v. Kinart,* 196 Iowa 492. The question of the defendant's guilt was clearly one for the jury, and the verdict cannot be disturbed.

We are, however, impressed with the fact that the fine imposed is, upon the record before us, excessive. The fine will be reduced to $300, and the attorney fee taxed as costs reduced to $25.

The judgment of imprisonment till the fine and costs were fully paid was erroneous. The judgment should have conformed to Section 5440 of the Code, and should have provided that the

3. INTOXICATING LIQUORS: nuisance: limitation as to imprisonment.

term of imprisonment should not extend beyond one day for every three and one-third dollars of fine and costs. This error, however, does not require a reversal. It can be corrected in the court below. *State v. Williams,* 195 Iowa 374.

No reversible error being found, the judgment is affirmed, with direction to the trial court to modify and correct as herein indicated.—*Modified and affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.