*J. C. Knox,* contra.

---

## 16515.  BARKER *v.* GREEN.

BELL, J.  1. It is slanderous per se to falsely utter and publish a statement, with reference to a married woman, to the effect that she is the common wife of her husband and another man.  Malice and damage will be inferred.  Civil Code (1910), §§ 4429, 4433; *Sparks* v. *Bedford,* 4 *Ga. App.* 13 (1) (60 S. E. 809); *Holmes* v. *Clisby,* 118 *Ga.* 820 (45 S. E. 684).

2. Malice is an "aggravating circumstance."  The existence of malice would not be conclusively rebutted by proof of a retraxit, accompanied by an explanation that the words were spoken merely in jest, and only for the purpose of "teasing" the person to whom they were addressed,—namely, the "other man," although these facts might be considered by the jury in mitigation of the damage.  In such a case, where the evidence showed that the utterance was made and published as alleged, a charge to the jury in the language of § 4503 of the Civil Code was not error on the ground that there was no evidence of "aggravating circumstances."

3. It was not cause for a new trial to the losing party that the presiding judge gave in charge to the jury all of section 4433 of the Civil Code on the subject of slander, when immediately thereafter he expressly informed them that a part of the section was not applicable, and correctly instructed them as to which part was applicable.  *Central of Ga. Ry. Co.* v. *DeLoach,* 18 *Ga. App.* 364 (7) (89 S. E. 433); *Western & Atlantic R. Co.* v. *Mathis,* 32 *Ga. App.* 308 (1) (122 S. E. 818), and cases cited.

4. The court committed error in instructing the jury that they should weigh the worldly circumstances of the parties, when there was no evidence whatever in reference thereto.  Instructions not warranted by the evidence are cause for a new trial, if it is not apparent that the jury could not have been misled by them.  *Culberson* v. *Alabama Construction Co.,* 127 *Ga.* 599 (1) (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507).  It can not be said that the amount of the verdict in the plaintiff's favor was not larger because of the instruction complained of.  See especially *Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (6) (55 S. E. 37, 7 L. R. A. (N. S.) 926); *Georgia Ry. & Electric Co.* v. *Baker,* 125 *Ga.* 562 (6) (54 S. E. 639, 7 L. R. A. (N. S.) 103, 114 Am. St. Rep. 246, 5 Ann. Cas. 484).

5. Whether to give in charge the provisions of § 4503 and also § 4504 in a case of this sort would be error, as tending to authorize a double recovery, and whether § 4503 could not be applicable at all in a slander case, are questions not presented by the present record or referred to in the briefs, and this decision is not to be understood as adjudicating either of these questions. *Southern Ry. Co.* v. *Harden*, 101 *Ga.* 263 (1) (28 S. E. 847) ; *Hooks* v. *Sanford*, 29 *Ga. App.* 640 (2) (116 S. E. 221).
6. For the error pointed out in paragraph 4 above, the court erred in refusing the defendant's motion for a new trial.

      *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

      DECIDED NOVEMBER 18, 1925.

Complaint; from Walton superior court—Judge Fortson. April 20, 1925.

*Roberts & Kelley,* for plaintiff in error.