STATE OF IOWA, Appellee, v. C. E. GILLMAN, Appellant.

MOTOR VEHICLES: Offenses—Driving While Intoxicated. Evidence
1  held sufficient to sustain a conviction for operating an automobile
   while intoxicated.

CRIMINAL LAW: Appeal and Error—Objectionable Answer—Waiver.
2  Failure to move to strike an objectionable answer to a proper ques-

tion waives the vice contained in the answer. (See Book of Anno., Vol. '1, Sec. 11550, Anno. 87 *et seq.*)

**CRIMINAL LAW:** Sentence—Unauthorized Judgment. Authority to
3  imprison in the penitentiary does not embrace authority to imprison in the county jail.

**MOTOR VEHICLES:** Sentence—Imprisonment for Non-payment of
4  Costs. One convicted for operating an automobile while intoxicated and sentenced to pay a fine and costs, may not be imprisoned for the non-payment of the costs.

Headnote 1:  28 Cyc. p. 49.  Headnote 2:  16 C. J. p. 879.  Headnote 3:  16 C. J. p. 1375.  Headnote 4:  15 C. J. p. 343.

Headnote 1:  2 R. C. L. 1211.  Headnote 2:  2 R. C. L. 96.  Headnote 3:  8 R. C. L. 270.

*Appeal from Wapello District Court.*—E. S. WELLS, Judge.

OCTOBER 19, 1926.

Defendant appeals from judgment on a verdict convicting him of operating a motor vehicle while intoxicated.—*Modified, affirmed, and remanded.*

*Lloyd L. Duke,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Earl F. Wisdom,* Assistant Attorney-general, for appellee.

MORLING, J.—I. Defendant contends that the evidence is insufficient to sustain conviction. A number of witnesses testify to smelling intoxicating liquor on his breath at the time of the accident. A number testify that he was at that time intoxicated. Defendant was in two collisions within an hour or two. A number of witnesses who saw him about an hour before the first accident testify that they did not notice that he had been drinking, or gave evidence of intoxication. Some of them admit that they were not in a position to observe. None of them knew whether or not he drank between the times they saw him and the time of the accident. The jury were warranted in finding that the defendant was intoxicated when driving his car.

1. MOTOR VE-
HICLES: offenses:
driving while
intoxicated.

II. It is objected that the defendant was compelled to admit that he had served a sentence in Illinois for transporting liquor. He was asked, on cross-examination:

"Q. At what place did you stay in Galesburg? (Mr. Duke: I object to it as incompetent, irrelevant, and immaterial.) A. I done 60 days in jail there. Q. Was that for the transportation of liquor, or being drunk at that time? (Mr. Duke: I object to this as incompetent, irrelevant, and immaterial.) A. It was for transporting liquor.

2. CRIMINAL LAW: appeal and error: objectionable answer: waiver.

"Court: That testimony is admitted, members of the jury, solely as bearing, if it does, upon his credibility as a witness."

The first question was proper. The answer was not inadmissible. There was no motion to strike it out. There was no error in this ruling. *State v. Pugsley,* 75 Iowa 742; *State v. Chingren,* 105 Iowa 169, 173; *State v. Brennan,* 185 Iowa 73.

With respect to the second question propounded to defendant, this question was answered before it was ruled upon. There was no motion to strike. Error does not appear.

III. Defendant claims that he was not permitted to show animosity upon the part of the arresting officer, who was a witness against him. This claim is founded upon questions on cross-examination as to whether the officer refused to permit defendant to use the telephone, to get bondsmen or to get an attorney. The officer testified that he did not treat defendant any differently than any other person that is intoxicated. That was the only reason he refused to let him telephone. The officer was further asked, on cross-examination:

"Q. Well, your attitude towards this man was hostile? A. No."

Error is not shown.

IV. The sentence is claimed to be too severe. Defendant was sentenced to pay a fine of $300 and costs, and to three months in jail; and in default of payment of fine and costs, he was sentenced to jail until fine and costs are paid, the sentences not to run concurrently. By Section 5027, Code of 1924, the penalty for operating a motor vehicle while intoxicated is sentence to the penitentiary for a period not exceeding one year, or a fine of not more than $1,000, or both. Under this statute, the court had no

3. CRIMINAL LAW: sentence: unauthorized judgment.

authority to impose a jail sentence as a part of the substantive penalty. The sentence to three months in jail should, therefore, be eliminated.

By Section 13964, Code of 1924, a judgment that defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine. The judgment should be modified by eliminating the sentence to three months in jail, and the imprisonment for non-payment of fine should be limited to 90 days. *State v. Dill,* 197 Iowa 208; *Scavo v. Utterback* (Iowa), 205 N. W. 858 (not officially reported).

4. MOTOR VE-
HICLES: sen-
tence: imprison-
ment for non-
payment of costs.

The statute does not authorize imprisonment for non-payment of costs. The case is remanded, with instructions to enter judgment in accordance with the foregoing.—*Modified, affirmed, and remanded.*

DE GRAFF, C. J., and EVANS and ALBERT, JJ., concur.