## 20035. WYATT *v.* BAKER.

DECIDED SEPTEMBER 6, 1930.

*C. D. Rivers, Maddox, Matthews & Owens,* for plaintiff in error. *Wright, Wright & Covington, John D. & E. S. Taylor,* contra.

BELL, J. Howard Baker, by next friend, brought suit against O. D. Wyatt, to recover damages for an alleged false arrest and imprisonment. The jury found a verdict for the plaintiff in the sum of $500, and the defendant excepted to the overruling of his motion for a new trial. The motion contained the usual general grounds, and also assigned error on certain portions of the court's charge. The petition alleged that the defendant Wyatt, as mayor of the

Town of Menlo, imposed upon the plaintiff Baker a fine of one dollar and cost of one dollar, for violation of a municipal ordinance; that such fine and cost were paid by the plaintiff to the proper officials of the town, but that, notwithstanding this fact and the defendant's knowledge thereof, the defendant caused the plaintiff to be arrested and incarcerated in the common jail of Chattooga County; all of which the defendant did wilfully and maliciously, and without lawful warrant or probable cause. The defendant in his answer admitted that he had caused the plaintiff to be arrested and imprisoned, but alleged that while acting as mayor he had sentenced the plaintiff to pay a fine of two dollars, or in default thereof to serve twelve hours in the calaboose; and that because the plaintiff had failed to pay the fine within the time allowed, and because the weather was cold and there was no way to heat the town calaboose, he had committed the plaintiff to the common jail of the county, in virtue of the power vested in him as mayor of the municipality. The defendant contended that he had acted in good faith in ordering the plaintiff to prison, that the commitment was in every way lawful and regular, and that he was not liable for any sum as damages.

It appears that the plaintiff pleaded guilty in the mayor's court, and that the offense with which he stood charged was committed during a Christmas season, and consisted of the shooting of fireworks contrary to ordinance. While the plaintiff and the defendant differed in their pleadings as to whether the sentence required the payment of a fine of one dollar and cost of one dollar, or exacted simply a fine of two dollars, the jury under the evidence could have found in favor of the plaintiff's contention as to this matter.

The Town of Menlo was incorporated in 1903 (Ga. L. 1903, p. 588), and under the act of incorporation section 705 of the Political Code of 1895 (Park's Code, § 855(w)) was made a part of the charter. In the trial of the present case two ordinances were introduced in evidence, one prohibiting the shooting of firecrackers; the other having reference to punishment, and providing generally as follows: "The punishment for the violation of any of the ordinances of the Town of Menlo shall be a fine not exceeding $100, or imprisonment in the calaboose not exceeding 30 days, or work on the street not longer than 30 days, or any part of either or all, in the

discretion of the mayor." It was not shown in the sentence, or in any ordinance introduced, for what officer or for what purpose the cost was assessed; but it appears that the town marshal pressumed that the cost was intended for himself, and that immediately after sentence was pronounced he stated to the plaintiff (then the accused) that he would give him his (the marshal's) cost. The evidence also authorized the inference that the fine of one dollar was paid for the plaintiff by his father, although its nonpayment was alleged and sought to be established by the defendant. In addition to this, the jury could have inferred from some of the evidence for the plaintiff that the defendant at the time of ordering the imprisonment had knowledge, both that the marshal had waived cost, and that the fine had been paid, not by the plaintiff, but by his father for him, and that the defendant was displeased because the plaintiff had not paid the fine in person. The plaintiff's trial before the defendant as mayor occurred on Saturday, and the order under which the plaintiff was arrested and incarcerated was issued by the defendant on the following Monday, and was directed to the jailer of Chattooga County. The jailer executed the order according to its terms, by imprisoning the plaintiff for a period of twelve hours. Other facts are stated hereinafter.

■ We can not agree that the verdict should be set aside as contrary to the evidence or without evidence to support it. "False imprisonment consists in the unlawful detention of the person of another, for any length of time, whereby he is deprived of his personal liberty." Civil Code (1910), § 4447. The only elements essential to a cause of action being the detention and its unlawfulness, malice and want of probable cause need not be shown. *Westberry* v. *Clanton,* 136 *Ga.* 795 (3) (72 S. E. 238). If the arrest and detention of the plaintiff were wrongful, the defendant may be held liable for having commanded the same to be done by the jailer, unless there is some ground upon which he may claim an exemption, as that he was a judicial officer. *Wilder* v. *Gardner,* 39 *Ga. App.* 608 (3) (147 S. E. 911). While the mayor of a municipality is not liable in damages for acts done in the exercise of the judicial function (*Calhoun* v. *Little,* 106 *Ga.* 336 (2), 32 S. E. 86, 43 L. R. A. 630, 71 Am. St. R. 254), the act of the defendant in committing the plaintiff to jail in purported execution of the judgment previously imposed was purely ministerial, and was not one for

which the defendant could claim the exemption which exists as to judicial acts. *Nix* v. *Citizens Bank,* 35 *Ga. App.* 55 (132 S. E. 249); 25 C. J. 523; 23 Am. & Eng. Enc. Law (2d ed.), 376. As to the functions of a justice of the peace, it has been held as follows: "When in the progress of a civil action, or a criminal proceeding, a final judgment has been rendered, his judicial duty is at an end, and nothing remains but to carry the judgment into effect. The issue of the execution, or other warrant for that purpose, is a ministerial and not a judicial act, and he may be held responsible in a civil action for any illegal act of that description." Fisher *v.* Deans, 107 Mass. 118. "The issuing of mesne and final process in civil actions and of a mittimus . . in criminal proceedings is a ministerial act." Banister *v.* Wakeman, 64 Vt. 203, 210 (23 Atl. 585, 15 L. R. A. 201). See also LaRoe *v.* Roeser, 8 Mich. 537; Danforth *v.* Classen, 21 Ill. App. 572 (2).

A ministerial act may be "defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done." But "the act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act." Flournoy *v.* Jeffersonville, 17 Ind. 169, 174. Cf. *Scott* v. *Bedell,* 108 *Ga.* 205 (2) (33 S. E. 903); *Douglas* v. *Board of Education,* 164 *Ga.* 271, 276 (138 S. E. 226); People *v.* Bartels, 138 Ill. 322 (27 N. E. 1091); Grider *v.* Tally, 77 Ala. 422 (2) (54 Am. R. 65); Rains *v.* Simpson, 50 Tex. 495 (4) (32 Am. R. 609). In the present case the determination of whether the fine or the fine and cost had been paid, in accordance with the judgment of the mayor of the Town of Menlo, was not a judicial inquiry, but pertained to the performance of a ministerial duty. Indeed, it was unnecessary for the commitment to have been issued by the mayor at all, since it was the duty of subordinate officers to put the judgment or sentence of the mayor into execution; and therefore the mayor, in issuing such commitment, made himself responsible as a ministerial officer. Cf. *Roberts* v. *Gordon,* 86 *Ga.* 386 (12 S. E. 648).

As was held in *Calhoun* v. *Little,* supra, section 4448 seems to provide that even "a judicial officer who in bad faith issues either a defective or void warrant will be liable in an action for false im-

prisonment at the instance of the person inprisoned thereunder," where the act was done out of court and was "largely ministerial in its nature," though to some extent judicial. Thus, in the present case, if the fine had been paid and the cost satisfied, and this was known to the defendant, all of which the jury could have found to be true, the evidence necessarily authorized the inference that as to the defendant who issued it the commitment was defective, and also that the defendant was wanting in good faith with respect to the transaction. *Massachusetts Cotton Mills* v. *Hawkins,* 164 *Ga.* 594 (2 *a*) (139 S. E. 52). So, even if proof of malice or bad faith was necessary under the other facts of this case, the jury were still authorized to find the defendant liable. *Stembridge* v. *Wright, 32 Ga. App.* 587 (124 S. E. 115) ; 25 C. J. 520. There is no contention that the verdict was excessive. It follows that the trial court did not err in refusing to sustain the general grounds of the motion for a new trial.

■ In one of the special grounds, the defendant assigned error upon the following charge of the court : "I charge you, gentlemen, as a matter of law, that an officer interested in the costs in a prosecution may give his cost to a defendant if he sees fit." Various exceptions were taken to this excerpt, but they may be divided generally into two complaints : (1) That the charge was inconsistent with and not adjusted to the evidence, because it appeared that the sentence pronounced by the defendant as mayor required the payment of a fine of two dollars, and did not impose a fine of one dollar and cost of one dollar. (2) That under the law of this State, and particularly under the charter of the Town of Menlo, the mayor, in pronouncing sentence in a case before him, may direct that the accused be imprisoned until the costs are paid, or may add costs as a part of the punishment and that in either of such events it is not within the power of the officer entitled to such costs to waive or remit the same, since for him to do so would operate to change the sentence imposed by the court, without authority of law. The first of these exceptions is not sustained by the evidence, since, as we have seen above, the evidence authorizd the inference that the sentence did not include a fine of two dollars, but required the payment of a fine of one dollar, and cost of one dollar. The validity of the second exception will depend not only upon the question of whether the cost was added *as a part of the penalty,* but upon the

larger question of the *mayor's authority to tax any cost whatever* against a party on trial before him.

Where a court having the legal power to do so seemingly adjudges that, as a part of the punishment, the accused shall pay the costs of the trial, the officers who are charged with the public duty of collecting the same, and who incidentally will profit thereby, may not waive the payment of such costs, so as to relieve the party against whom the sentence was pronounced. But whether the costs may be taxed against the accused either as a part of the penalty or otherwise will depend upon statute; hence the varying results in the decided cases. See, in this connection, State *v.* Gillman, 202 Iowa, 428 (210 N. W. 435) ; Van Buren County *v.* Bradford, 202 Iowa, 440 (210 N. W. 443) ; State *v.* Gani, 157 La. 5 (101 So. 726) ; State *v.* Crook, 115 N. C. 760 (20 S. E. 513, 29 L. R. A. 260) ; State *v.* Smith, 196 N. C. 438 (146 S. E. 73) ; State *v.* Cornett, N. C. (150 S. E. 113) ; Nelson *v.* State, 46 Ala. 186; In re Landreth, 55 Kan. 147; In re Mitchell, 39 Fed. 386; 8 Enc. Pl. & Pr. 993; 15 C. J. 319, 342. The present case appears to be controlled by the decision of the Supreme Court of this State in *Leonard* v. *Eatonton, 126 Ga.* 63 (54 S. E. 963). In that case it was said : "At common law costs were not recoverable, eo nomine; and costs, as such, in criminal cases were unknown. In the absence of statutory authorization, no right or liability for costs exists."

The municipal .ordinance as quoted in the above statement did not authorize or provide for the imposition of costs either as a part of the punishment or as a debt of record; and hence the judgment for costs was illegal and void, notwithstanding the statutory provision (Political Code (1895), § 705, Park's Code § 855(w)), which was made a part of the charter, to the effect that the mayor shall have power "to issue executions for all fines, penalties, and costs imposed by him, or he may require the immediate payment thereof, and in .default of such payment he may commit the party in default to the jail of the county in which such town or village is situated, or other place of imprisonment in such corporation, if there be one, until the fine or penalty or costs shall be paid." These provisions would not have authorized imprisonment, either as an alternative in lieu of the payment of costs, or as a means of enforcing the payment thereof (see, in this connection, *Hathcock* v. *State,*

756

88 *Ga.* 91 (5), 13 S. E. 959; *Williams* v. *Sewell,* 121 *Ga.* 665 (4), 49 S. E. 732; *Plunkett* v. *Hamilton,* 136 *Ga.* 72, 85, 70 S. E. 781, 35 L. R. A. (N. S.) 583, Ann. Cas. 1912B, 1259), *in the absence of an ordinance providing for the taxing of costs in some way.* There can be no escape from this conclusion, in view of the decision in the *Leonard* case, supra, in which a like question was adjudicated. If the cost involved in the instant case was illegally assessed, the defendant was not harmed by an instruction that the interested officer "may give his cost to a defendant, if he sees fit," and the excerpt was not subject to any of the exceptions taken thereto. In our view of the case, it is unnecessary to determine whether the facts would furnish ground for application of the principle laid down in *Long* v. *Collier,* 154 *Ga.* 673 (115 S. E. 9), and followed in *Pridgen* v. *James,* 168 *Ga.* 770 (3) (149 S. E. 48), as to the substitution of the personal liability of the officer for the payment of a fine or costs, in certain circumstances.

■ The defendant also complained of the following charge: "If you find that the plaintiff is entitled to recover, then I give you in charge the following section of the Code [§ 4504] to guide you in determining the amount that might be recovered by him as damages, if you find that he is entitled to recover: 'In some torts (and this is such a case), the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed except the enlightened consciences of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed.' So, gentlemen, if you find that the plaintiff is entitled to recover, you return such a verdict as you think would be right and proper under the circumstances in the case." We can not say that this excerpt was subject to the exception that it instructed the jury as a matter of law that the plaintiff was entitled to exemplary or vindictive damages. While the parenthetical remark, "this is such a case," tended in that direction, and should the more safely have been omitted, we think the statement must have been understood by the jury merely as indicating the nature of the plaintiff's claim, that is, a suit for injury only to his peace, happiness, or feelings. This was a correct description of the action, especially since the plaintiff suffered no physical injury, and was also a minor, whose loss of time, or the like, was a damage not to himself but to his

father. *Brunswick Light &c. Co.* v. *Gale,* 91 *Ga.* 813 (2) (18 S. E. 11). It can not be said that the pleadings and the evidence did not make such a case as would have authorized this entire instruction, had there been any evidence as to worldly circumstances. In *Coleman* v. *Allen,* 79 *Ga.* 637 (5) (5 S. E. 204, 11 Am. St. R. 449), which was a suit for malicious arrest and malicious prosecution, the Supreme Court held that it was not improper to charge that "in cases of this character" there is no exact measure of damages except the enlightened consciences of impartial jurors, and that the worldly circumstances of the parties and all the attendant facts should be weighed, although it was further ruled that the trial judge erred in not instructing the jury that the proposition referred to would be inapplicable to other elements of damages such as expenses, lost time, and the like.

Suits against railroad companies for the wrongful expulsion of passengers must be distinguished from cases like the present, since in cases of that kind the entire injury is not to the peace, happiness, or feelings, but a part of it always "consists in the violation of a public duty by the carrier, and in the inconvenience and delay occasioned the passenger." *Atlanta Consolidated Street Ry. Co.* v. *Hardage,* 93 *Ga.* 457 (3), 460 (21 S. E. 100) ; *Georgia R. &c. Co.* v. *Benton,* 117 *Ga.* 785 (2) (45 S. E. 70) ; *Southern Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (2) (71 S. E. 414). But, "when there is no evidence as to the worldly circumstances of the parties, it is erroneous in any case to charge upon the subject." (*Southern Ry. Co.* v. *Chambers,* 126 *Ga.* 404 (6), 55 S. E. 37, 7 L. R. A. (N. S.) 926) ; and see further, in this connection, Goldsmith *v.* Joy, 61 Vt. 488 (17 Atl. 1010, 4 L. R. A. 500, 15 Am. St. R. 923) ; and note in 16 A. L. R. 838 et seq.). The only evidence as to worldly or pecuniary circumstances of the parties in this case was proof that the plaintiff was a minor 19 years of age, and that his father owned a store and was clerk and treasurer of the Town of Menlo, and that the defendant was mayor of the town and owned a farm. No values were given. These facts were brought out incidentally in the testimony as to other matters, and constituted no greater proof of worldly circumstances than was adduced in the *Chambers* case, just cited. In that case a like instruction was held to be unwarranted by the evidence and to require the grant of a new trial. It can not be said that the amount of the verdict in the plaintiff's favor was

not larger on account of the instruction complained of; and because of the error in giving such charge the defendant was entitled to a new trial. Compare *Barker* v. *Green*, 34 *Ga. App.* 574 (4) (130 S. E. 599).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*