## GIBBS *vs.* BROWN.

Where a husband and parent are both claiming the custody of a minor wife, the discretion of the presiding judge in awarding the possession of her person will not be interfered with unless grossly abused.
(*a.*) The marriage of a female minor over fourteen years of age is valid, though the parents may not consent.

Husband and Wife.   Parent and Child.   *Habeas Corpus.* Before Judge SNEAD.   Richmond Superior Court.   October Term, 1881.

Reported in the decision.

F. H. MILLER ; P. J. SULLIVAN, for plaintiff in error.

No appearance for defendant.

CRAWFORD, Justice.

Thomas Brown and Josephine Gibbs were married in October, 1881. Soon thereafter Anna Gibbs, the mother of Josephine, under a writ of *habeas corpus,* had the parties brought before his honor, Judge Snead, to obtain the custody of her daughter, whom she alleged to have been illegally detained under pretence of marriage, when she was under fourteen years of age, and which said pretended ceremony had taken place fraudulently and without her consent.

On hearing the facts of the case, the judge discharged the writ and the parties, thus awarding the custody of the said Josephine to her husband.

This judgment is the error assigned.

The testimony submitted to the judge was that a marriage of the parties under a proper license had been duly solemnized, though no consent of the mother appears to have been obtained authorizing the issuance of the license by the ordinary.

The question of fact before the judge was whether the wife was under or above the age of fourteen years. He decided that she was over fourteen, and therefore the marriage was valid.

It is insisted that the judge in this decision committed an error of fact, in finding that the said Josephine was of sufficient age to contract marriage, and especially in the legal rules by which that finding was reached.

This court can only look to the finding itself; with the reasoning by which it was arrived at, we have nothing to do. There are but few, if any, issues that are entirely free from doubt, and the judge or the jury trying them may reach a conclusion by good or bad reasoning, but when reached it is not a matter of special inquiry if supported by sufficient proofs.

The judge found that the wife was fourteen years old, and being fourteen, that the marriage was legal and binding. This was not error. Code, §1699.

It is further urged that he committed an error of law in not awarding the control of the said Josephine to the mother, even though she may have been fourteen years of age, as there was no question but that she was under eighteen.

It is true that the parent is entitled to the custody and the service of a child during its minority; and so, too, is the husband entitled to the custody and the service of the wife; yet, whenever any dispute arises between the husband and wife, or parent and child, touching these matters, and the aid of the law is invoked by writ of *habeas corpus* on account of the detention of either, it becomes the duty of the court, on hearing all the facts, to exercise its discretion and determine to whom the custody of such wife or child shall be given. Code, §4024. And in such cases it must be a flagrant abuse of that discretion which will authorize a reviewing court to interfere. 14 *Ga.*, 657; 34 *Ib.*, 258.

Where there is a conflict of rights, as in this case, be-

tween the husband and parent, the power to settle it must be lodged somewhere, and we think it is wisely lodged in the judge, whose sound discretion under the facts of each case must decide into whose custody the party must go. To return the wife, though under eighteen years of age, to the parent, under all circumstances, might be grossly violative of every principle of right and justice. In some cases it might be wise to restore the wife to the parents, because of the great indiscretion in making a most ill-advised marriage, and whilst she may yet be, returned to the paternal roof unknown of her husband, leaving her to a little sober reflection and the lapse of time to decide upon her future action.

In other cases it might be cruel and unjust to separate a wife from the father of her unborn child, and send her to her parents, however badly she may have acted in assuming her new relations without their consent.

Thus the law has confided, as we think, the question made by this record to the judge of the superior court under the facts of each case, to put the custody of the person detained with whomsoever he thinks best, and unless there is a flagrant abuse of his discretion, this court will not disturb it.

Judgment affirmed.