72 129<br>104 333

## WILLIAMS vs. MIZE, sheriff.

1. A prisoner was arrested for simple larceny, and, in default of bail, was commited to jail to answer for such offence before the superior court; before he was actually incarcerated under the warrant of commitment, he was carried before the county court, chargea with the same offence, plead guilty and was fined; an outside party agreed to pay the fine, and the prisoner was discharged by the sheriff; afterwards the person who assumed the payment of the fine imposed in the county court failed to pay it, and the sheriff re-arrested the defendant and placed him in jail; he sued out a writ of *habeas corpus;* the judge of the superior court, on the hearing, refused to discharge the prisoner, and committed him to answer before the superior court for the same charge on which he had been tried, convicted and sentenced in the county court:

*Held*, that this was error. When the sheriff discharged the prisoner, taking the promise of another to pay the fine, he could not afterward hold the defendant or arrest him for not paying it. By making this arrangement, the sheriff became liable for the amount of the fine, and must look to the person on whose promise he acted. The defendant was not liable to an arrest and imprisonment of a failure to pay.

September 25, 1883.

Constitutional Law.   Criminal Law.   Sheriffs.   Courts.
Before Judge FORT.   Sumter County.   At Chambers, February 16, 1883. ·

Reported in the decision.

L. J. BLALOCK, for plaintiff in error.

J. A. ANSLEY, for defendant.

v 72-10

BLANDFORD, Justice.

The plaintiff in error having been arrested and placed in jail, presented his petition to the judge of the superior court, praying the issuing of a writ of *habeas corpus*, which was awarded by the judge, and at the hearing, nothing appeared but the petition and the return of the sheriff, which adopted the facts in prisoner's petition. The judge refused to set the prisoner at liberty, but remanded him to jail, to answer indictment in the superior court. This ruling is excepted to, and error assigned thereon.

It appears that the prisoner had been arrested for simple larceny, and, in default of bail, he was committed to jail to answer for said offence charged before the superior court; before he was actually incarcerated under the warrant of commitment, he was carried before the county court and charged with this same offence, to which he pleaded guilty, and was fined by said county court; one Glover agreed to pay the fine, and prisoner was discharged by the sheriff; afterwards, Glover failing to pay the fine, Williams was arrested by Mize, the sheriff, and placed in jail; and upon these facts the judge of the superior court, upon the hearing of the *habeas corpus*, refused to discharge the prisoner, and committed him to answer the same charge for which he had been tried, convicted and sentenced by the county court, before the superior court.

The county court had jurisdiction to try Williams for the offence with which he was charged. If the same was a felony, it does not appear in the record before us; and in the absence of anything to the contrary, this court will presume in favor of the jurisdiction of the county court.

When the sheriff discharged Williams, taking the promise of Glover to pay the fine, he could not afterwards hold Williams or arrest him for not paying the fine; he must look to Glover for the fine, and by this arrangement between Glover and the sheriff, the sheriff was liable for the

amount of the fine. The prisoner was not, under these circumstances, thereafter liable to arrest and imprison-ment for the non-payment of the fine.

The superior court of Sumter county had no power or jurisdiction to try Williams for this offence with which he had been charged and tried by the county court of Sumter county; and upon the hearing of this case upon the facts in this record, the judge of the superior court committed error in remanding Williams to jail and not discharging him.

The judgment is reversed.