## RUSSELL *v.* TATUM.

Upon the hearing of an application for a habeas corpus, in which the applicant was a person who had been duly sentenced to work upon the chain-gang after conviction for a misdemeanor, and the respondent was a person who held the applicant in custody under an illegal contract with the sheriff of the county in which the convict was sentenced, there was no error in passing an order that the convict be remanded to the custody of the jailer of the county in which the conviction had taken place, there to be held until discharged by law. This is true even where it appears that the convict had been sentenced in one county, and the person who had him in illegal custody resided in another county in which the habeas corpus was heard.

Submitted February 9, — Decided May 26, 1898.

Habeas corpus — certiorari. Before Judge Spence. Worth county. September 20, 1897.

On May 24, 1897, to an indictment for burglary, in Terrell superior court, Will Russell pleaded guilty of larceny from the house, and was sentenced as for a misdemeanor, to labor in the chain-gang on the public works of Terrell county, or any other works on which the county authorities might lawfully cause misdemeanor convicts to be worked, for twelve months, and when not so at labor, that he be confined in the common jail of that county or of any other county in which he might be so worked. On July 23, 1897, the convict's mother brought a petition for habeas corpus to the judge of the county court of Worth, alleging that J. W. Tatum had the convict confined and was working him on a turpentine-farm in that county, and that such detention was illegal. At the hearing Tatum testified that he hired the convict from the sheriff of Terrell county at $5 per month, which was all the sheriff demanded; that witness was conducting a private chain-gang in Worth county and was working this convict therein; that he leased misdemeanor convicts from various counties in the same way; and that this convict's time had not expired. The judge of the county court

ordered that the convict be remanded to the common jail of Terrell county, there to be held under the sentence of the superior court of that county of May 24, 1897, until discharged by due process of law. The plaintiff carried the case to the superior court by certiorari, where the same was overruled, and she excepted.

*Yeomans & Raines* and *J. G. Polhill*, for plaintiff.

COBB, J. That convicts can not be worked in chain-gangs controlled by private individuals is the well-settled law of this State. The Penal Code so declares in express terms, and the same has been announced by this court in two decisions. Penal Code, § 1039; *Rountree* v. *Durden*, 95 *Ga.* 221; *County of Walton* v. *Franklin*, Id. 538. The detention of the convict by the private individual who had him in custody was therefore illegal, and the judgment of the court so far as it so declared was proper. Complaint, however, is made that when this conclusion was reached by the county judge it was his duty to have ordered the release of the convict, and that that part of the judgment which remanded him to the custody of the authorities of Terrell county, there to be held until discharged by law, was illegal. Upon the hearing it was shown that the fine imposed upon this convict had never been paid by him, that he had never served any time upon the public works, as the sentence of the court required; and therefore it was not only proper, but it was the duty of the judicial officer before whom these facts were made to appear, to give the case such direction that the convict should be held in custody until the court which sentenced him was given an opportunity to pass upon the question as to whether the sentence had been satisfied. In the case of *Williams* v. *Mize*, 72 *Ga.* 129, it was held that where a prisoner was under sentence to pay a fine and was discharged from custody by the sheriff upon the unconditional agreement of a third person to pay the fine, the prisoner could not be rearrested and committed to custody, notwithstanding that the person agreeing to pay the fine had never in fact paid it, and the prisoner so rearrested was released. In that case the sheriff treated the undertaking·of the third person as payment of the fine. This transaction was per-

fectly lawful, and the judgment of the court was thus satisfied, the sheriff becoming liable for the payment of the fine if the person with whom he contracted failed to pay. In the present case there was no undertaking on the part of the individual to whom the sheriff delivered the convict to pay the fine. It was simply a contract of hire for a specified amount per month for the term of the sentence. The whole arrangement was illegal and the sum paid can not be construed to be a payment of the fine even at the instance of the convict who has been the victim of the unlawful conduct of the public officer and others. The payment to the sheriff of the amount stipulated to be paid in the illegal contract made does not amount in law to a payment of the fine by the convict, nor does the time served upon the private chain-gang discharge the convict from the service required by the sentence of the court. What may be his rights against the sheriff and others, growing out of the illegal treatment to which he has been subjected, are questions not made in the present record and will not now be decided.

The judge who hears a habeas corpus case is invested with a great deal of discretion in regard to matters where the question of illegal detention of the person is involved; especially is this true in regard to matters arising out of custody under legal process. The habeas corpus proceeding can never be used as a means of discharging a person from legal custody. The end to be accomplished by the proceeding is to secure a release to those only who are illegally detained. When the court has before it all the facts, it is authorized to give the case such direction as will promote the ends of justice. The language of the code is clear on this subject. After providing what shall be done by the judge in specified cases when a habeas corpus comes to a hearing, it is declared that, "in all other cases, the judge hearing the return shall discharge, remand, or admit the party to bail, or deliver him to the custody of the officer or person entitled thereto, as the principles of law and justice may require." Penal Code, § 1229. The judgment of the court, declaring the detention in the private chain-gang unlawful and remanding the convict to the custody of the authorities of the county in which he was sentenced, was right.

*Judgment affirmed. All the Justices concurring.*