## HICKS *v.* MATHER.

1. An assignment of error in a motion for a new trial, upon a ruling of the court in admitting evidence, will not be considered unless the evidence objected to is set forth in the motion in ·such a way that the question presented can be decided without reference to other parts of the record.
2. This case upon its merits is controlled by the decisions of this court in *Hughes* v. *Griswold*, 82 *Ga.* 299, and *Stansell* v. *Ga. Loan & Trust Co.*, 96 *Ga.* 227.

Argued February 13, — Decided March 18, 1899.

Complaint for land. Before Judge Felton. Crawford superior court. March term, 1898.

*R. D. Smith* and *M. G. Bayne*, for plaintiff in error.
*Anderson, Anderson & Grace* and *H. A. Mathews*, contra.

COBB, J. Mary S. Mather brought suit in the superior court of Crawford county.against Ella Hicks, to recover a tract of land situated in that county. The trial resulted in a verdict for the plaintiff, and defendant's motion for a new trial being overruled, she excepted. The first three grounds of the mo-

tion were the general grounds. The fourth ground was as follows: "Because the court erred in admitting in evidence, over defendant's objection, the deed from the Georgia Loan & Trust Company to Mary S. Mather; the objection being on the ground (1) that there was no proof that O. A. Coleman, treasurer, had the authority to sign the name of the Georgia Loan & Trust Company to deeds and instruments like this, and (2) because there was no proof of proper execution; the deed being made Georgia, Sumter County, and being witnessed by Chas. N. Walker and Louis B. Smith, there being certain hieroglyphics after the name of Louis B. Smith, which were indistinguishable, and nearly as follows:————; there being no seal or other device to tell or show what said hieroglyphics meant, or that said Louis B. Smith was an officer authorized to execute deeds." The trial judge appends to this ground the following note: "The letters referred to were fairly plain— N. P. S. Co. Ga.—and the deed had been recorded in Sumter county." There is nothing in this ground of the motion to indicate what deed was objected to, there being no abstract of the deed in the motion; and according to the well-settled practice in this court, where the ground of a motion for a new trial complaining of the admission or rejection of evidence requires an examination of other parts of the record, such ground will not be considered, as it is not incumbent upon this court to search through the record in order to make intelligible a ground which would otherwise not be clear. But even if it would be incumbent upon us to look into the brief of evidence, in the present case it would not avail the plaintiff in error, because while there is in the brief of evidence an abstract of a deed from the Georgia Loan & Trust Company to Mary S. Mather, it conveys land lying in Crawford county; and it appears from the ground of the motion above quoted and the certificate of the judge thereto that the deed which was objected to had as a caption Georgia, Sumter County, was executed before a notary public of Sumter county, and was recorded in that county. There is nothing to indicate what land the deed objected to embraced, but it might be inferred from what is stated in the motion that it must have conveyed land in Sum-

ter county; and this being true, it would not be admissible in evidence, being irrelevant to the issue on trial; but its admission in evidence would not be such an error as to require the granting of a new trial. But be this as it may, it can not be clearly ascertained from the ground of the motion itself what the document was that was objected to; and therefore we can not consider the assignment of error in that ground of the motion. *Stovall* v. *State*, 106 *Ga.* 443.

The fifth ground of the motion for a new trial was as follows: "Because the court erred in admitting, over objection of defendant, the evidence of O. A. Coleman, that the loan was not made by the Georgia Loan & Trust Company; the ground of objection being that the papers, note and deed, showed that the loan was made by the Georgia Loan & Trust Company, and that the plaintiff was estopped from denying it, and that parol testimony was inadmissible to contradict it." The sixth ground was as follows: "Because the court erred in admitting, over defendant's objection, the evidence of O. A. Coleman as to the intention of the Georgia Loan & Trust Company to exact usury in dating the papers back; the ground of objection being that the question of intention was for the jury, and that the witness could only state the facts and it was the province of the jury to find the intention." It can be seen at a glance that these two grounds of the motion, standing alone, present no question which can be dealt with by the court. It may be that a search through the brief of evidence, or other parts of the record, would enable us to ascertain what assignment of error is intended to be made; but, according to the repeated rulings of this court, we will not do this. Assignments of error either in motions for new trials or bills of exceptions must be sufficiently clear and distinct that the questions presented can be decided without reference to the other parts of the record. One of the more recent rulings to this effect was made in the case of *Herz* v. *Claflin*, 101 *Ga.* 615.

The charges complained of were not erroneous. The case upon its merits is controlled by the decisions of this court in *Hughes* v. *Griswold*, 82 *Ga.* 299, and *Stansell* v. *Georgia Loan & Trust Company*, 96 *Ga.* 227.

*Judgment affirmed. All the Justices concurring.*