### 4566.  HOWARD v. TUCKER.

This case is fully controlled by the decision of the Supreme Court in *Williams* v. *Mize*, 72 *Ga.* 129. See, also, *Russell* v. *Tatum*, 104 *Ga.* 332 (30 S. E. 812).

DECIDED FEBRUARY 18, 1913.

Habeas corpus; from city court of Sandersville—Judge Jordan. November 10, 1912.

*Gross & Swint*, for plaintiff.

HILL, C. J. Lee Howard having been arrested and placed in jail, a petition for the writ of habeas corpus, praying for his discharge, was presented to the judge of the city court, and, on the hearing, he was remanded to the custody of the sheriff; and this judgment is assigned as error. The undisputed evidence is as follows: Lee Howard pleaded guilty, in the city court of Sandersville, to an accusation of the offense of carrying concealed weapons, and was thereupon sentenced to pay a fine of $50 and the costs of the prosecution, or, in default thereof, be confined in the chaingang of Washington county for six months. Immediately upon the imposing of this sentence by the court, Mr. L. J. Zachery ap-

23

proached the deputy sheriff of Washington county, who had custody of the defendant, and requested that the defendant be released, and stated that he (Zachery) would be responsible for the fine. The deputy sheriff accepted Mr. Zachery's promise and released the defendant. Shortly thereafter Mr. Zachery delivered to the sheriff of the county his check for the amount of the fine and the costs, making the date of the payment of the check the following Saturday, stating as a reason for postdating the check that he expected the defendant to bring him some rent cotton by that time, and that if he failed to bring the cotton he would turn the defendant back to the sheriff. The sheriff held the check until the Saturday; and, hearing nothing from Mr. Zachery or the negro, on the next Monday he deposited it in the bank. Some time about the middle or last of the week, he received notice from the bank that the check had not been paid by Mr. Zachery, and that he had refused payment. The check was dated September 28. On October 8, following, the sheriff rearrested the defendant and put him in jail.

In *Williams* v. *Mize,* 72 *Ga.* 129, it was held that where the sheriff discharged the prisoner, taking the promise of another to pay the fine, he could not thereafter take the defendant or arrest him for not paying it; that by making this arrangement, the sheriff became liable for the amount of the fine, and must look to the person on whose promise he acted. The defendant was not liable to an arrest and imprisonment on account of a failure to pay. The facts of the present case are not substantially different from those in the *Williams* case, supra, and that decision seems to be controlling. In *Russell* v. *Tatum,* 104 *Ga.* 332 (30 S. E. 812), the *Williams* case was referred to, and the opinion therein approved; the court holding, in the *Russell* case, that the sheriff treated the undertaking of the third person as payment of the fine. This transaction was perfectly lawful, and the judgment of the court was thus satisfied, the sheriff becoming liable for the payment of the fine if the person who contracted failed to pay. We do not think the fact that in the present case the sheriff took the check of the third person, Mr. Zachery, postdated, coupled with the condition that unless the defendant brought some cotton to him by the date of the check, he would surrender the defendant to the sheriff, takes the case out of the principle decided in the *Williams* case, and approved in the *Russell* case. The giving of the check was, of

course, not payment of the fine until the check itself was paid, but the sheriff took the check and released the defendant. In the *Williams* case the sheriff took the verbal promise of another to pay the fine. In the present case, when the sheriff took the check, he took the risk of its payment, as well as the risk of compliance by the defendant with the condition to deliver cotton to Mr. Zachery by the date on which the check was dated. The sheriff, under these facts, is responsible for the payment of the fine; and the prisoner, under the above statement of facts and the decisions of the Supreme Court cited, should have been discharged on habeas corpus.　　　*Judgment reversed.*