6436.  WALDEN v. MORRIS, sheriff.

Broyles, J.  1. There is in the record no evidence that the sheriff, or the deputy sheriff, ever extended credit for the payment of the fine imposed upon the plaintiff in error; hence the cases cited by counsel for the plaintiff in error are not applicable to this case.

2. Error is assigned upon the ruling that the sheriff, when being examined as a witness, need not answer the following question:  "By what authority did you permit him [the plaintiff in error] to leave without bond, when you knew that his fine had not been paid?"  In our opinion this question was irrelevant and immaterial, and the court did not err in this ruling.  The sheriff had already testified that he did not turn the plaintiff in error out of jail, that he did not extend to him any credit upon his fine, and did not extend credit to any one else for this fine, and that Shaw (the man who the plaintiff in error testified had promised him immunity if he would swear against some other persons under arrest) was not his deputy and had no authority to act for him in any way as an officer.

3. Large discretion is vested in the trial judge in habeas corpus cases, and this court will not interfere with his judgment on the law and the facts, unless his discretion is manifestly abused.  Unless the finding is so manifestly contrary to the evidence as to indicate passion or prejudice, it will not be disturbed.  *Evans* v. *Lane,* 8 *Ga. App.* 826 (70 S. E. 603).

*Judgment affirmed.  Russell, C. J., dissents.*

Decided June 3, 1915.

Habeas corpus; from city court of Nashville—Judge Christian.  February 23, 1915.

Richard Walden was convicted of a misdemeanor, and the sentence was that he be confined in the chain-gang for six months, or in lieu thereof pay a fine of $40. He was allowed to leave the jail, but was rearrested and again confined therein, and, while so confined, sued out the writ of habeas corpus, alleging that the sheriff extended credit to him for the amount of the fine, and consented to his leaving jail without complying with the judgment of the court and without giving bond, and therefore he could not be made to abide the judgment, and his detention in jail was illegal. At the hearing he testified, that he pleaded guilty to the charge of gaming and was fined, and W. E. Morris, the sheriff, immediately locked him up in jail; that, later on the same day, somebody unlocked the jail door and turned him out, and he went up town and saw the sheriff, and there was no effort to put him back in jail or to carry him to the chain-gang; that it was the understanding between him and Mr. Shaw, who had arrested him for gaming, that if he would plead guilty and testify against the others arrested at the same time for that offense, Mr. Shaw would pay his fine and he would not have to serve in the chain-gang; that he did not testify against the others, and, after he had refused to testify against them, the sheriff rearrested him because his fine had not been paid.

The sheriff testified: I did not turn Richard Walden out of jail. I don't know who turned him out. I knew he was out. I let him go off without molesting or bothering him. I knew that he was under no bond. I knew too that his fine had not been paid. I did not extend to this negro any credit for his fine; neither did I extend credit to any one else. Shaw was not my deputy, nor had he any authority in any way to act for me as an officer. I did not make any effort to arrest Walden until after he had testified in one of the other cases with which he was alleged to have been connected. I arrested him because he had not paid his fine nor served any part of his sentence.

The court refused to discharge the petitioner, and he excepted.

*J. C. Smith, William Story,* for plaintiff, cited: *Williams* v. *Mize,* 72 *Ga.* 129; *Russell* v. *Tatum,* 104 *Ga.* 332; *Howard* v. *Tucker,* 12 *Ga. App.* 353.

*J. H. Gary, solicitor,* contra, cited: *Starr* v. *Barton,* 34 *Ga.* 99; *Smith* v. *Bragg,* 68 *Ga.* 650 (2); *Gibbs* v. *Brown,* 68 *Ga.* 803; *Lindsey* v. *Lindsey,* 14 *Ga.* 657; *Bently* v. *Terry,* 59 *Ga.* 555.

RUSSELL, C. J., dissenting. I deem the right of a rigid and sifting cross-examination, provided for by the code, so important, and it is so clear to my mind that an answer of a certain kind, on the part of the witness who was the respondent to the petition for habeas corpus, might have corroborated the testimony for the petitioner, that I feel compelled to dissent from the judgment of the majority. I agree with the general proposition that the trial judge was clothed with almost plenary discretion, but to my mind the fact that the witness had already testified to certain pertinent facts sufficient to sustain his answer to the writ of habeas corpus affords no sufficient reason for denying to the opposite party the right of discrediting those statements. Usually a cross-examination is necessary for the very reason that the testimony of the witness whom it is sought to cross-examine has been damaging to the party seeking to cross-examine him.