*Hatcher & Smith,* contra.

---

### 10862.    SMITH *v.* SAVANNAH ELECTRIC COMPANY.

SMITH, J. 1. Where in an action for damages against a street-railway company, brought by a passenger claiming an unlawful eviction from a street-car, the defendant filed an answer admitting that the plaintiff was a passenger on its car and that she was evicted therefrom, but claiming that the eviction was fully justified because she refused to move to the proper place in the car, and acted in such a disorderly manner that the defendant was compelled, in the interest of decency and good order, to remove her from the car, this was a good plea of justification, which admitted a prima facie case in favor of the plaintiff, entitling the defendant to the opening and conclusion of the argument. Civil Code (1910), §§ 4488, 5746.

2. The court did not err in overruling the objection to the evidence of Robert H. Davis, a witness for the defendant, as set out in the 5th ground of the motion for a new trial. The evidence of this witness tended to show that the plaintiff was present at the time of the conversation about which the witness testified, and that she heard it or could have heard it.

3. The court did not err in sustaining the objection to the question pro-

pounded to the witness Hodges, "Did you see this darkey [referring to plaintiff] doing anything annoying?" This question called for a conclusion of the witness, and it does not appear from the exception taken what the answer of the witness would have been.

4. The court did not err in refusing to allow the witness Fountain, on cross-examination, to testify as to the contents of a written report. The writing was the best evidence of its contents.

5. The assignment of error upon the admission of the evidence of the witnesses Fountain and Davis will not be considered, as the evidence alleged to have been illegally admitted was not set forth literally, or its substance clearly stated, either in the motion for a new trial or in the bill of exceptions. See Civil Code (1910), § 6083; *Pearson* v. *Brown,* 105 *Ga.* 802 (1) (31 S. E. 746); *Hicks* v. *Mather,* 107 *Ga.* 77 (1) (32 S. E. 901); *Georgia Nor. Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (5) (46 S. E. 659); *Hicks* v. *Webb,* 127 *Ga.* 170 (5) (56 S. E. 307).

6. The court did not err in not charging the jury as follows: "The defendant has admitted a prima facie case; which means in law that defendant has admitted all the facts in plaintiff's petition except its liability, which admission entitles plaintiff to a verdict unless defendant by a preponderance of the evidence shows that it was justified under the law in doing the acts complained of." There was no written request so to charge; and besides, to have charged in this language would have been error. The plea of justification does not admit all the facts in the plaintiff's petition, but admits only a prima facie case, and claims justification on the part of the defendant. To have admitted all the facts set out in the petition would have excluded the defendant from any defense. This the law does not require.

7. The principles of law embodied in the requests to charge set out in the 10th and 11th grounds of the motion for a new trial, in so far as they were applicable to the facts in this case, were covered by the charge of the court.

8. The excerpts from the charge of the court complained of in grounds 12, 13, 15, and 16 (designated as 17), taken in connection with the remainder of the charge, contain no reversible error.

9. It is immaterial whether the alleged ordinance of the City of Savannah, referred to by the judge in his charge, was legally in evidence or not, inasmuch as it is admitted by the plaintiff, in her own evidence, that the rule made by the alleged ordinance was known to and recognized by her. The 14th ground of the motion for a new trial is therefore without merit.

10. There was evidence to sustain the verdict, the charge of the court fully submitted to the jury all the material issues in the case, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 11, 1920.

Action for damages; from city court of Savannah — Judge Rourke. June 4, 1919.

*W. B. Stubbs, F. A. Tuten,* for plaintiff.

*Osborne, Lawrence & Abrahams,* for defendant.