LONG *v.* COLLIER, sheriff.

HINES, J.   At the September term, 1921, of the city court of Jefferson, Ed. Long entered a plea of guilty to a charge of misdemeanor, and was sentenced to pay a fine of $50, to include costs, or in default thereof to serve two months on the chain-gang of the county.   Long was arrested on March 19, 1922, by the sheriff on a warrant charging him with the commission of another misdemeanor.   The sheriff declined to accept bond for his appearance to answer the second misdemeanor, unless Long would pay the above fine.   Long sued out a writ of habeas corpus for his discharge, alleging that his detention for failure to pay said fine was illegal.   On the hearing of the application for habeas corpus the trial judge was authorized to find the following facts: When said fine was imposed on Long, Stoy Bailey, for whom he was then working, was present.   Bailey informed the clerk that the chairman of the board of commissioners of roads and revenues of the county was due him for labor, and that he would get said chairman to give him an order for the amount of Long's fine, on account of the amount due him for such labor, and turn the same over to the clerk.   The clerk told Bailey that this would be satisfactory to him, if said chairman would give him an order to this effect.   The clerk told Long that he was holding him and Bailey responsible for the fine.   The clerk told Long that he could go, that Bailey would arrange his fine.   Thereupon Long was permitted to go.   He worked for Bailey in order to pay the fine, and by his labor in fact paid the amount of the fine to Bailey.   Long heard nothing further from the matter, thinking Bailey had paid his fine, until his arrest on

March 19, 1922. Bailey never did bring to the clerk any order from said chairman, and the clerk never did ask said chairman if the county was due said Bailey anything. At the time said plea was entered the sheriff had gone to the jail after some prisoners, and as he came back and was entering the court-house he met Bailey who informed him that Long had entered a plea of guilty, and that he had arranged with the clerk of the court about his fine. The sheriff told Bailey that any arrangement he had had with the clerk was all right with him. The next notice the sheriff had that the fine had not been paid was about a month afterwards, when the clerk told him. He did not have Long arrested until March 19, 1922, when he was arrested under a misdemeanor warrant. After his arrest under this warrant, the sheriff was willing to accept bond to answer this misdemeanor charge, but would not release Long from custody unless the latter would pay over to the clerk said fine. The sheriff told Long he was going to have said fine or send him to the chain-gang. The misdemeanor warrant under which Long was arrested was introduced in evidence, with an entry of his arrest thereon. *Held:*

1. When the clerk, whose duty it was to receive fines imposed upon persons convicted of, or pleading guilty to, criminal offenses in the city court of Jefferson, discharged the prisoner, taking the promise of another to pay the fine, for whom the prisoner worked and paid the amount of the fine to the person promising to pay the same to the clerk, the sheriff could not afterwards hold the defendant for not paying the fine, notwithstanding the fact that the person promising to pay the fine did not do so, notwithstanding the fact that the person agreeing to pay the fine stated to the clerk that the chairman of the board of roads and revenues of the county was due him for labor, from whom and for which he would get an order from said chairman and turn it over to the clerk, which he did not do, the clerk stating that if the chairman would give the order it would be satisfactory to him, and notwithstaing the fact that the clerk told the prisoner that he was holding him and the person promising to pay it responsible for the fine, neither the clerk nor the sheriff giving any notice to the prisoner that such third person had not paid the fine until long after the prisoner had worked out his fine with such third person. By the above arrangement the clerk became liable for the amount of the fine, and must look to the person on whose promise he acted. *Williams* v. *Mize,* 72 *Ga.* 129; *Russell* v. *Tatum,* 104 *Ga.* 332 (30 S. E. 812); *Howard* v. *Tucker,* 12 *Ga. App.* 353 (77 S. E. 191).

2. The cases upon which respondent relies do not conflict with the above ruling. *Neal* v. *State,* 104 *Ga.* 509 (30 S. E. 858, 42 L. R. A. 190, 69 Am. St. R. 175), *O'Dwyer* v. *Kelly,* 133 *Ga.* 824 (67 S. E. 106), and *Short* v. *Dowling,* 138 *Ga.* 834 (76 S. E. 359), have reference to the power of the courts to suspend sentences.

3. The court erred in not discharging the prisoner from the custody of the sheriff, so far as he was held to compel him to execute the above sentence; and direction is given to the court below to discharge the

applicant, upon his giving bond to answer the other misdemeanor for which he was arrested, if the same is still pending.

*Judgment reversed, with direction. All the Justices concur.*

No. 3195. DECEMBER 15, 1922.

Habeas corpus. Before Judge Bryson. City court of Jefferson. March 22, 1922.

*P. Cooley* and *G. W. Westmoreland,* for plaintiff.

*S. J. Nix,* for defendant.