PRIDGEN, warden, *v.* JAMES.

GILBERT, J.  1. The evidence authorized the finding that the facts alleged in the petition were true.

2. The Penal Code (1910), § 1314, provides: "If a person is detained upon a criminal charge, and the solicitor-general is in the county, he shall be notified of the hearing; if not, the notice shall be given to the prosecutor." Compliance with this provision is not jurisdictional, and failure to raise the objection until after judgment amounts to a waiver. The warden, who held petitioner in custody, was duly served.

3. Where the clerk or the sheriff whose duty it is to receive or collect fines imposed upon persons in criminal proceedings discharges a prisoner against whom a fine is imposed, by taking the promise of another party to pay the fine, the convict can not afterwards be rearrested or imprisoned for a breach of the contract for the payment of such fine. By accepting the promise to pay either of the convict or of a third party, the sentence is discharged, and the officer of the court making such agreement becomes bound for the fine and must look to the party making the contract for the collection of the amount of the fine. *Williams* v. *Mize*, 72 *Ga.* 129; *Long* v. *Collier*, 154 *Ga.* 673 (115 S. E. 9).

4. The assignments of error are without merit.

*Judgment affirmed. All the Justices concur.*

No. 7219. JULY 11, 1929.

772

*L. E. Heath,* for plaintiff in error.    *Slater & Moore,* contra.