22128. AMERSON *et al. v.* THE STATE.

DECIDED APRIL 30, 1932.

*W. C. McMillan, J. W. Warren*, for plaintiffs in error.

*J. D. Godfrey*, solicitor, contra.

LUKE, J. Mrs. Mollie Amerson and Mrs. J. F. Johnson were convicted of selling intoxicating liquor. Their exception is to the judgment overruling their motion for a new trial containing the general and three special grounds.

We quote from the brief of counsel for plaintiff in error the following concise statement of the evidence in the case: "The testimony for the State was to the effect that Mrs. James Goodman followed her husband to the house of the defendants, and saw one of them give him a glass of whisky, and saw the other hand him a bottle filled with whisky, and saw . . Mrs. Johnson receive from him a piece of silver money. The State also offered testimony as to other raids on the same house, and [that] the reputation of the house was bad. The defendant denied that Mr. James Goodman purchased any whisky or received any from them. James Goodman . . said he did not buy any whisky from either of them—that he went by their house on a deal for renting a house, and that while in the house he borrowed a tumbler and took a drink of whisky out of a bottle which he had brought there in his pocket. He further testified that he had been drinking all that day, and that none of the whisky was procured from either of the plaintiffs in error."

In addition to the foregoing statement of the evidence, we quote as follows from the testimony of Mrs. J. H. Goodman: "My husband, J. H. Goodman, came out of the house after he procured the whisky. He took out the bottle, uncorked it, and offered me a drink. I smelled it, and know it was whisky."

The evidence abundantly supports the verdict. Indeed, counsel for plaintiff in error do not insist upon the general grounds of the motion for a new trial, but lay great stress upon their contention that the court erred in failing to charge the law of circumstantial evidence without request, counsel contending that the conviction depends entirely upon circumstantial evidence. As to this main contention, we differ with counsel, for the reason that, in our opinion, there is direct evidence of the alleged sale. Therefore we hold there is no merit in the first special ground.

Special ground 2 complains that "the trial court erred in allowing the witness W. E. Garrard and the witness Scarborough to testify to the reputation of the house in which defendants lived, over timely objection of the defendants, made at the time of offering this evidence." Special ground 3 is as follows: "Because the court erred in allowing witness W. E. Garrard to testify over objection of defendants that he had made other raids at other times on house where these defendants lived; this testimony being highly prejudicial to defendants and not admissible." Both these grounds are too incomplete for this court to consider, for the reason that neither of them sets out either literally or in substance the evidence referred to (*Clare* v. *Drexler,* 152 *Ga.* 419 (3), 110 S. E. 176; *Smith* v. *Savannah Electric Co.,* 25 *Ga. App.* 59 (5), 102 S. E. 548), or shows the ground of the objection. *Hardy* v. *Hardy,* 149 *Ga.* 371 (3) (100 S. E. 101).

*Judgment affirmed. Broyles, C. J., and Jenkins, P. J., concur.*