## 21845. WYATT v. BAKER.

JENKINS, P. J. This was a suit for an alleged false arrest and imprisonment. The facts are set forth in the former report of the case in this court. *Wyatt* v. *Baker,* 41 *Ga. App.* 750 (154 S. E. 816). On the subsequent trial, and before any evidence was submitted, the defendant, in open court, claimed the right to assume and offered to assume the burden of proof, and he now excepts to the refusal of the court to allow him to take the burden of proof and to open and conclude the argument. *Held:*

1 "In every case of tort, if the defendant was authorized by law to do the act complained of, he may plead the same as justification; by such plea he admits the act to be done, and shall be entitled to all the privileges of one holding the affirmative of the issue; but such plea shall not give to the defendant the right to open and conclude the argument before the jury, unless it is filed before the plaintiff submits any evidence to the jury trying the case." Civil Code (1910), §§ 4488, 5746.

2. While the unlawfulness of the imprisonment is an essential element of an action for false imprisonment (*Westberry* v. *Clanton,* 136 *Ga.* 795, 72 S. E. 238; *Watters* v. *National Woolen Mills,* 142 *Ga.* 133,'135, 82 S. E. 535), a plea which admits the act of detention and alleges that the detention was authorized by law is a plea of justification, and it is not necessary, in order that the plea entitle the defendant to "all the privileges of one holding the affirmative of the issue," that it go further and admit the unlawfulness of the detention, since, under the provisions of the code-section quoted, the plea of justification admits the act to be done and presents as the only issue for determination the justification or lack of justification for the act. On this issue, by reason of the plea

of justification, the burden rests upon the defendant. *Strickland* v. *Atlanta & West Point R. Co.*, 99 *Ga.* 124 (24 S. E. 981); *Horton* v. *Pintchunck*, 110 *Ga.* 355, 358 (35 S. E. 663); *Smith* v. *Savannah Electric Co.*, 25 *Ga. App.* 59 (102 S. E. 548).

3. In the instant case the plea of the defendant admitted the arrest and imprisonment of the plaintiff upon the order of the defendant, as charged in the petition, and averred that the act committed was authorized and justified under the law by reason of the failure of the plaintiff to pay a fine imposed upon him by the defendant as the mayor of an incorporated town. Accordingly, upon the defendant's plea of justification he was entitled to assume the burden of proof and to open and conclude the argument, and the court erred in holding to the contrary.

4. The remaining assignments of error are without merit.

> *Judgment reversed. Stephens and Sutton, JJ., concur.*
> DECIDED JULY 15, 1932.

*Maddox, Matthews & Owens, C. D. Rivers,* for plaintiff in error.
*Wright & Covington, E. S. Taylor,* contra.