23490. BAKER *v.* WYATT.

Decided August 21, 1934.

*John D. & E. S. Taylor, Wright & Covington,* for plaintiff.
*C. D. Rivers, Maddox, Matthews & Owens,* for defendant.

Jenkins, P. J. 1. In this action for false arrest and false imprisonment against the mayor of a town, the facts are substantially as set forth in *Wyatt* v. *Baker,* 41 *Ga. App.* 750 (154 S. E. 816). See also *Wyatt* v. *Baker,* 45 *Ga. App.* 448 (165 S. E. 133). In those cases, former judgments for the plaintiff were set aside on special grounds. In the last trial the defendant prevailed, and in the plaintiff's bill of exceptions the general grounds of the motion for a new trial are specifically abandoned. In the brief of counsel for the defendant in error it is stated that this is the fourth trial of the case, the first two trials having resulted in a verdict for the plaintiff, and the last two in favor of the defendant. It is, therefore, with some reluctance that the last verdict is set aside on the special grounds, as the law favors the termination of litigation when it can be done without violating some substantial right of a litigant.

2. On the present trial the testimony of the plaintiff's father, then deceased, which had been given at a former trial, was introduced in evidence. It was sought to impeach this testimony by evidence tending to show contradictory statements by the father to a third person. In the first special ground exception is taken to the testimony of this third person that the father said to him, a

day or two after the plaintiff had been sent to jail, that he (the father) "told [the defendant] that [the plaintiff] hadn't paid his fine, and he was down there to go to jail, and there wasn't anybody there to put him in, to go to the calaboose or the jail, that is about the way I remember it." In the former trial the father, who was the tax-collector of the town, in charge of the collection of its fines and the keeping of its funds in a bank subject to his check, testified that he paid the fine of the plaintiff within thirty minutes after it had been imposed by the defendant as mayor of the town, by charging himself with the amount of the fine, and that he had informed the defendant as to the father's payment before the defendant committed the son to jail. No effort was made by the defendant to impeach the testimony of the deceased father until the present trial. It is contended that the evidence objected to did not contradict the evidence of the father. It is true that certain of the testimony of the father was to the effect that the son had not paid the fine and was not going to do so, but in the same connection it was explained by the father's additional testimony that the fine had been paid by himself (the father) in the manner stated, and that the defendant was advised to this effect. The father's testimony given at the former trial contained no reference to the conversation with the impeaching witness, testified to on this trial. The plaintiff was therefore entitled to an application of the rule that, "where it is sought to impeach a witness by proof of unsworn statements contradictory to his testimony given on the trial, foundation for the impeachment must first be laid by directing the attention of the witness to the alleged contradictory statements, with the particularity prescribed by the Civil Code" (1910), § 5881, and that "the inaccessibility of the witness at the time it is sought to lay this foundation does not justify a departure from the rule." *Ga., Fla. & Ala. Ry. Co.* v. *Sasser,* 4 *Ga. App.* 276 (61 S. E. 505). See also *Bessman* v. *Girardey,* 66 *Ga.* 18; *Raleigh & Gaston R. Co.* v. *Bradshaw,* 113 *Ga.* 862, 866 (39 S. E. 555); *Blakely Oil &c. Co.* v. *Proctor &c. Co.,* 134 *Ga.* 139, 140 (67 S. E. 389); *Estill* v. *C. & S. Bank,* 153 *Ga.* 618, 627 (113 S. E. 552). Not only did the evidence of the impeaching witness fail to include the qualifying testimony of the father, but the record shows that the witness specifically denied that the father had said anything about any payment of the fine by himself or about informing the defendant of that fact.

3. The court instructed the jury as follows: "If you find that . . the father did not actually pay the plaintiff's fine, whatever you may find this fine to be, but merely charged himself as an officer of the town of Menlo with the amount of the fine, that would not amount to payment of the fine within the meaning of the law. That fine would have to be paid, actually paid, before the commitment was issued, before the plaintiff in this case would be entitled to recover." This instruction contravenes the legal principle that, where an officer charged with the duty of collecting fines charges himself with the amount of a fine and accepts the credit of the defendant therefor, and afterwards settles for the fine by charging himself from monies in his account as collector and receiver of fine monies, this amounts to a payment of the fine, with the result that "the sentence is discharged," without the necessity of the officer receiving the actual money of the fine. *Pridgen* v. *James,* 168 *Ga.* 770 (3) (149 S. E. 48). See also *Long* v. *Collier,* 154 *Ga.* 673 (115 S. E. 9); *Williams* v. *Mize,* 72 *Ga.* 129; *Russell* v. *Tatum,* 104 *Ga.* 332 (30 S. E. 812); *Howard* v. *Tucker,* 12 *Ga. App.* 353 (77 S. E. 191). Under the ruling in the *Pridgen* case, the charge in the instant case was erroneous, since there was evidence which would have authorized the jury to find that, after the defendant as mayor of the town had imposed a fine on the plaintiff and before his commitment to jail, the father, who had the legal duty of collecting the fine, notified the defendant mayor that he would pay the fine, and that he had charged his account in the bank with the amount of the fine. *Judgment reversed. Stephens and Sutton, JJ., concur.*