HUFFMAN *v.* HORTON, sheriff.

DUCKWORTH, Justice. 1. "Where the clerk or the sheriff whose duty it is to receive or collect fines imposed upon persons in criminal proceedings discharges a prisoner against whom a fine is imposed, by taking the promise of another party to pay the fine, the convict can not afterwards be rearrested or imprisoned for a breach of the contract for the payment of such fine." *Pridgen* v. *James,* 168 *Ga.* 770 (3) (149 S. E. 48). To the same effect, see *Williams* v. *Mize,* 72 *Ga.* 129; *Long* v. *Collier,* 154 *Ga.* 673 (115 S. E. 9); *Howard* v. *Tucker,* 12 *Ga. App.* 353 (77 S. E. 191).

2. On the hearing of a petition for habeas corpus brought by one who had been rearrested for failure to pay a fine, the evidence was in conflict on the issue as to whether or not the petitioner had been released by the sheriff upon the promise of another person to pay the fine. The judge was authorized to find that the sheriff did not make such an agreement, and did not abuse his discretion in denying the writ.

*Judgment affirmed. All the Justices concur.*

No. 14373. DECEMBER 1, 1942.

*Alec Harris* and *Mrs. Charles Camp,* for plaintiff.
*Henderson Lanham, solicitor-general,* for defendant.