1. "Where the clerk or the sheriff whose duty it is to receive or collect fines imposed upon persons in criminal proceedings discharges a prisoner against whom a fine is imposed, by taking the promise of another party to pay the fine, the convict can not afterwards be rearrested or imprisoned for a breach of the contract for the payment of such fine." Pridgen v. James, 168 Ga. 770 (3) (149 S.E. 48). To the same effect, see Williams v. Mize, 72 Ga. 129; Long v. Collier, 154 Ga. 673 (115 S.E. 9); Howard v. Tucker, 12 Ga. App. 353 (77 S.E. 191).
2. On the hearing of a petition for habeas corpus brought by one who had been rearrested for failure to pay a fine, the evidence was in conflict on the issue as to whether or not the petitioner had been released by the sheriff upon the promise of another person to pay the fine. The judge was authorized to find that the sheriff did not make such an agreement, and did not abuse his discretion in denying the writ.
Judgment affirmed. All the Justicesconcur.
 No. 14373. DECEMBER 1, 1942.
Bill Huffman was convicted of the offense of "drunk and driving" in October, 1940, and was sentenced to pay a fine of $100 and costs and serve six months in jail, and then serve twelve months at the Georgia State Farm. The sentence provided that upon payment of the fine and costs, and after serving one month in jail, the defendant could serve the remainder of his sentence on probation. His motion for new trial was overruled on December 17, 1940. When, if ever, he began to serve his sentence does not appear from the record. On June 8, 1942, he was arrested on two misdemeanor warrants, and the sheriff of Floyd County refused to accept bail until he paid the fine and costs provided for in his previous sentence; but on July 1, 1942, the sheriff accepted bond in the two misdemeanor cases, and released Huffman without his having paid the fine and costs. On August 31, 1942, the sheriff rearrested Huffman and placed him in jail, for failure to pay the fine and costs. Huffman instituted a habeas-corpus proceeding, alleging that his detention was illegal, because he had served approximately one month of his sentence in jail and eighteen months on probation; and that he had been relieved of paying the fine and costs, because the sheriff had released him from jail on the promise of one Ernest Huffman to pay the same.
On the hearing it was admitted that the fine and costs had not been paid. Ernest Huffman testified, that he went to see the sheriff while Bill Huffman was in jail, and asked him to allow Bill to pay his fine by the week; that when the sheriff said that Bill would not pay it, the witness told the sheriff that he would see that Bill paid the fine, if Bill was allowed to pay it by the week; and that the sheriff told witness that he would look to him for the fine and costs, and he "could look to Bill." The sheriff admitted that he talked to Ernest Huffman about Bill paying the fine by the week, but denied that he agreed to release him and take Ernest in his place. He testified: "I don't remember just what was said when I talked to Ernest, but Ernest said he was going to pay Bill's fine, and I said `Well, you will have to pay it, if it is paid; for Bill won't pay it.' I did not agree to take Ernest in Bill's place, but he said he would pay it. . . I never did release Bill Huffman on what Ernest said. I did not let him out of jail on what Ernest said. I don't know how he got out of jail without giving any bond in this case." Bill Huffman testified that he did not promise to *Page 119 
pay the sheriff his fine by the week, but that Ernest Huffman did. The judge denied the writ of habeas corpus, and the petitioner excepted.